# Exhibit E



MJ Wallace for David Wallace Attorney <dwallaceattny@gmail.com>

## Depositions to preserve testimony

Erin W. Latuso <Erin.Latuso@formanwatkins.com>  Wed, Nov 24, 2021 at 11:40 AM
To: Perry Sanders <perry@scclaw.net>
Cc: "David L. Wallace Attorney at Law" <dwallaceattny@gmail.com>, "Kyle L. Gideon" <kgideon@davidsonmeaux.com>, "Chelsea E. Gaudin" <Chelsea.Gaudin@formanwatkins.com>, Elizabeth Penn <Elizabeth.Penn@formanwatkins.com>, "McCall, III, Duke K." <duke.mccall@morganlewis.com>

Perry,

As I know you are aware, there are procedural rules that govern this litigation. Before any depositions or other discovery takes place, the parties need to have their Rule 26(f) conference, file a Rule 26(f) report, obtain a Rule 16 scheduling order, and exchange of Rule 26 Initial Disclosures. In looking at our notes from the last call, plaintiff wanted to delay the Rule 26(f) conference and discovery, in part, because plaintiff wanted to amend his complaint to name additional defendants. Plaintiff still has not done that. What is plaintiff's plan for joining the additional defendants? It makes sense that all parties are joined before any deposition takes place. Either way, IP does not agree to waive the procedures and requirements of Rule 26 and objects to any depositions taking place prior to those being met.

Furthermore, plaintiff brought this case as a class action. We note that the proposed deponents are not named class members or otherwise parties to this litigation and were not identified as potential parties of interest until your email on November 17, 2021. Therefore, the defendants are greatly hindered in their ability to prepare for these proposed depositions. IP further objects to these depositions because you have not demonstrated how depositions of these non-parties are appropriate in any way. It is unclear from your email if the proposed deponents are purported absent class members and, if so, whether they fit the current "class definition" alleged in the complaint or the "new class definition" that we presume you will include in an amended complaint. Either way, it does not appear that any of these individuals will be able to shed any light on any purported class-wide issue. Therefore, the proposed depositions are not necessary for the class action proceedings. In fact, we do not believe any individual claimant deposition would be appropriate given the current procedural posture of this case.

IP is, however, willing to participate in a Rule 26(f) conference. We believe this conference should take place after plaintiff has amended his complaint to add any additional class representatives, defendants, and amend the proposed class definition. Please let us know when plaintiff intends to amend his complaint. IP also agrees to exchange Rule 26 disclosures within 14 days of that conference.

Best regards,

Erin


**Erin Wedge Latuso**

Forman Watkins & Krutz LLP