UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LARRY W. ASHWORTH,

       Plaintiff,

  v.                                      Civil Action No. 2:20-CV-00053-JDC-KK
                                           Judge James D. Cain, Jr.

KERR MCGEE CHEMICAL CORP, et al.,

       Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO AMEND THE COMPLAINT AND TAKE EXPEDITED DEPOSITIONS**

David L. Wallace, Esq.
518 N Pine St.
DeRidder, LA 70634
Tel: 337-462-0473

*Attorney for Plaintiff*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

      A.     Allegations ............................................................................................... 2

      B.     Relevant Procedural History ................................................................... 3

      C.     EPA Reports............................................................................................ 4

      D.     Witnesses ................................................................................................ 5

ARGUMENT ....................................................................................................................... 5

      I.      The Court Should Grant Plaintiff Leave To Amend The Class Allegations ......... 5

      II.     The Court Should Grant Plaintiff Leave To Depose The Witnesses..................... 7

CONCLUSION.................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Breck Const. Co., Inc. v. Air Liquide America Corp.*,
 281 F.3d 1278 (5th Cir. 2001) .................................................................................................. 11

*Dussouy v. Gulf Coast Inv. Corp.*,
 660 F.2d 594 (5th Cir. 1981) ...................................................................................................... 7

*Elargo Holdings, LLC v. Doe,*
 318 F.R.D. 58 (M.D. La. 2016)............................................................................... 11, 12, 13, 14

*Foman v. Davis*,
 371 U.S. 178 (1962).................................................................................................................. 7, 8

*Rosenzweig v. Azurix Corp.*,
 332 F.3d 854 (5th Cir. 2003).................................................................................................... 7, 8

*Smith v. EMC Corp.*,
 393 F.3d 590 (5th Cir. 2004) ...................................................................................................... 7

*United States v. Slay*,
 2011 U.S. Dist. LEXIS 173501 (E.D. Tex. Oct. 18, 2011)......................................................... 9

**Rules**

Fed. R. Civ. P. Rule 15 ................................................................................................................ 2, 6

Fed. R. Civ. P. Rule 26 ................................................................................................................ 8, 9

Fed. R. Civ. Pro. Rule 27 ................................................................................................................ 9

Fed. R. Civ. Pro. Rule 30 ................................................................................................................ 8

Rule 30 ........................................................................................................................... 2, 3, 8, 9, 10

**Other Authorities**

*Federal Practice and Procedure,* § 2104 (3d ed. 2008) .............................................................. 8, 9

*Federal Civil Procedure Before Trial*, 11-171 (5th Cir. ed. 2011)................................................. 9

Plaintiff Larry W. Ashworth ("plaintiff" or "Ashworth") respectfully submits this memorandum of law in support of his motion, pursuant to Rules 15 and 30 of the Federal Rules of Civil Procedure (each, a "Rule"), for leave to (i) amend the class allegations in the complaint, and (ii) depose, prior to the commencement of ordinary course discovery, the following seven witnesses: John Foshee, Chris Palmer, Willie Buckley, Robert Burton, Cornelius Jackson, Janis Spikes, and Yvonne Simien (the "Witnesses").

## INTRODUCTION

This putative class action is currently stayed pending the resolution of related proceedings pending in New York federal courts. As this Court clarified, however, "the stay does not prevent plaintiff from seeking leave to amend the complaint or perpetuate the testimony of certain putative class members." ECF 53. For the reasons set forth below, the Court should grant plaintiff leave to do both.

*First*, the Court should grant plaintiff leave to amend the definition of the putative class to incorporate information recently disclosed in three reports issued by the Environmental Protection Agency (the "EPA") concerning its investigation of the contamination of the American Creosote Superfund Site and certain adjacent sites (defined below as the "EPA Reports"). Pursuant to Rule 15, leave to amend the complaint should be "freely" granted. Here, given that this action is currently stayed and discovery has not yet commenced, there is no valid reason not to grant leave to amend the complaint to incorporate information recently disclosed in the EPA Reports, and defendants have not articulated any such reason.

*Second*, the Court should grant plaintiff leave to depose the Witnesses prior to the commencement of ordinary course discovery because, as set forth in further detail below and in the accompanying declaration, they: (i) are potential members of the proposed class, (ii) are competent to testify to certain facts and circumstances relevant to the defendants' alleged

1

liability and their own physical symptoms that may be associated with exposure to creosote, and (iii) may not be available to testify at trial if their testimony is not preserved promptly given their current age, health, and/or other circumstances. Under Rule 30, these facts qualify as "good cause" to grant plaintiff leave to depose the Witnesses on an expedited basis, *i.e.*, prior to the commencement of ordinary course discovery.

Accordingly, plaintiff respectfully requests that the Court enter an order granting plaintiff leave to amend the class allegations and depose the Witnesses.

## BACKGROUND

### A. Allegations

Ashworth is an individual who resides in DeRidder, Louisiana. ECF 1 (complaint) at ¶ 24. In 2019, following the extraction of a tree stump on Ashworth's property, he witnessed dark colored thick liquid coming up out of the ground. *Id*. ¶ 25. The liquid contained toxic waste, with chemical constituents indicative of by-products of creosote. *Id*. ¶ 27. This toxic waste has only one possible source: the creosote treatment sites to the north of Ashworth's property, which through surface runoff or contaminated groundwater have created an enormous toxic-waste "plume" stretching at least 5.1 miles from the original sites of contamination to Ashworth's property. *Id*. ¶ 20.

The operations at these two creosote plant sites included the pressure treating of utility poles and wooden pilings with creosote, wolmanizing solution, naphthalene, diesel, and pentachlorophenol. *Id*. ¶ 13. These chemicals were pumped, transported, or otherwise drained through various ponds in succession during the industrial treatment process in an attempt at recovery of some of the chemicals, but in the course of doing so were allowed to leach into the

soils and ground waters lying beneath and surrounding these unlined earthern impoundments. *Id*. ¶ 18. Many of these chemicals are toxic, dangerous, and likely to cause detrimental health effects to Ashworth and putative class members, including but not limited to cancer, reproductive issues, strokes and other medical problems associated with exposure to creosote and creosote by-products. *Id*. ¶ 27.

**B.     Relevant Procedural History**

On January 13, 2020, Ashworth filed the complaint in this action on behalf of himself and all others similarly situated. ECF 1. The complaint, which is styled as a class action, asserts claims for negligence, strict liability, continuing nuisance/trespass, and punitive damages, against several defendants, including defendants Occidental Petroleum Corporation ("Occidental") and Anadarko Petroleum Corporation ("Anadarko"). On July 13, 2020, Occidental and Anadarko moved to dismiss the complaint for lack of personal jurisdiction. ECF 36.

Related proceedings are pending in New York federal courts (the "Related Proceedings"). On July 24, 2020, Occidental and Anadarko filed a motion in the United States District Court for the Southern District of New York asserting that this action, insofar as it is directed at them, violates an injunction, entered in connection with a toxic-tort settlement arising out of the Tronox bankruptcy, prohibiting the litigation of certain claims that are derivative or duplicative of certain settled claims. On February 19, 2021, Occidental and Anadarko's motion was denied. *See* ECF 49. On March 12, 2021, Occidental and Anadarko filed a Notice of Appeal in the U.S. Court of Appeals for the Second Circuit. *See* ECF 58. On May 10, 2021, Ashworth moved to dismiss Occidental and Anadarko's appeal on the grounds that the Second Circuit lacks appellate jurisdiction. *Id*. On September 16, 2021, the Second Circuit denied Ashworth's motion to dismiss the appeal, which is now being briefed.

This action is currently stayed pending resolution of the Related Proceedings or further order of the Court, except that plaintiff may seek leave to amend the complaint and/or take certain depositions. On July 30, 2020, Ashworth, Occidental and Anadarko jointly moved to stay this action pending resolution of the Related Proceedings. ECF 40. The Court granted that motion and suspended briefing deadlines on Occidental and Anadarko's motion to dismiss. ECF 41. Since the stay, at the Court's direction, the parties have filed multiple status reports. ECF 51, 55, 56, and 58. On June 9, 2021, in response to competing status reports (ECF 55 and 56), the Court entered an order stating, in pertinent part: "The stay does not prevent plaintiff from seeking leave to amend the complaint or perpetuate the testimony of certain putative class members, as described in his report." ECF 53. Most recently, on September 9, 2021, the parties filed a joint status report stating that they intend to "file a further status report with the Court in thirty (30) days to address the status of the pending appeal and how best to proceed in this action, including whether and/or how to proceed with briefing on Occidental and Anadarko's motion to dismiss Mr. Ashworth's claims for lack of personal jurisdiction, and/or whether Mr. Ashworth will seek to amend his complaint." EFC 58.

Other defendants have answered Ashworth's complaint. Specifically, after the Court denied their preliminary motions (ECF 25, 26, 38, 39), defendant BNSF Railway Co. filed its answer on May 20, 2020 (ECF 27), and defendant International Paper Co. filed its answer on August 7, 2020 (ECF 42).

**C.    EPA Reports**

In May 2021, the Environmental Protection Agency issued three reports (collectively, the "EPA Reports") concerning its investigation of the contamination of the American Creosote Superfund Site and certain adjacent sites (the "Superfund Site"). The Superfund Site overlaps in substantial part with the geographical boundaries of the proposed class as currently alleged (the

4

"Original Class"). *See* the accompanying declaration of David L. Wallace, dated January 24, 2022 ("Declaration" or "Decl.").

**D.     Witnesses**

Facts concerning the Witnesses relevant the instant motion are set forth in the Declaration, which are incorporated herein by reference.

## ARGUMENT

**I.     The Court Should Grant Plaintiff Leave To Amend The Class Allegations**

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while a decision to grant leave to amend is entrusted to the district court's "sound discretion," a decision to deny leave to amend must be supported by a "substantial reason." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (Rule 15(a)(2) "evinces a bias in favor of granting leave to amend"). Following the Supreme Court's guidance in *Foman*, district courts in the Fifth Circuit consider five factors in determining whether there is a substantial reason to deny leave to amend a complaint: (i) undue delay, (ii) bad faith or dilatory motive, (iii) repeated failure to cure deficiencies by previous amendments, (iv) undue prejudice to the opposing party, and (v) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent such factors, the leave sought should, as the rules require, be 'freely given.'" *Id*. (quoting *Foman*, 371 U.S. at 182 (1962)).

Here, to ensure that all persons and property potentially exposed to and/or contaminated by creosote, creosote constituents, and/or creosote byproducts via the contaminant migration routes described in the EPA Reports, Ashworth seeks leave to amend the geographical boundaries of the Original Class to encompass additional areas, including areas to the north and to the west of the Superfund Site (the "Amended Class"). Declaration ¶ 4. A narrative description of the proposed Amended Class based on the EPA Reports is set forth in Exhibit C.[1] In addition, the geographical boundaries of the proposed Amended Class are depicted on the map set forth in Exhibit D.

None of the five *Foman* factors is present. *First*, there is no undue delay. Ashworth seeks to amend its class allegations to incorporate information only disclosed earlier this year, and the action has been stayed during the entire time since. *Second*, Ashworth has no bad faith or dilatory motive. Rather, Ashworth proposes a straightforward amendment to the class definition to incorporate recently disclosed information. *Third*, Ashworth is not attempting to cure any purported deficiencies in the complaint, much less deficiencies in any previous amendment. *Fourth*, there is no undue prejudice to defendants, nor could there be, as discovery has not yet commenced. *Fifth*, the proposed amendment is not futile because, again, it is not an attempt to cure any purported deficiencies in the complaint.

Accordingly, the Court should grant plaintiff leave to (i) amend the complaint to include the allegations set forth in Exhibit C as new paragraphs 49 to 54, and (ii) annex Exhibit D to the complaint to illustrate the geographical boundaries of the proposed Amended Class.

---

[1] "Exhibit _" refers to the specified exhibit attached to the Declaration.

## II. The Court Should Grant Plaintiff Leave To Depose The Witnesses

Pursuant to Rule 26(d)(1), a party may not seek discovery before the parties have had a Rule 26(f) meet-and-confer session, except when authorized by the Federal Rules, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). Discovery pre-dating a Rule 26(f) meet-and-confer session is generally referred to as expedited discovery. With respect to expedited depositions, Rule 30 provides that, where the "parties have not stipulated to the deposition," the party seeking the deposition "must obtain leave of court, and the court must grant leave" subject to the generally applicable limitations on the scope of discovery. Fed. R. Civ. Pro. 30(a)(2)(A)(iii); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2104 (3d ed. 2008) ("Wright & Miller") ("Rule 30(a)(2)(A)(iii) requires leave of court for a deposition to be taken 'before the time specified in Rule 26(d),' which precludes discovery prior to the Rule 26(f) meet-and-confer session.").

Although Rule 30 does not articulate a standard for granting leave, "courts within this circuit apply the good cause analysis to determine whether a party is entitled to conduct expedited discovery." *Elargo Holdings, LLC v. Doe,* 318 F.R.D. 58, 63 (M.D. La. 2016); *see also Breck Const. Co., Inc. v. Air Liquide America Corp.*, 281 F.3d 1278 (5th Cir. 2001) (per curiam) (district courts have "broad discretion in managing pretrial discovery"). "In a good cause analysis, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Elargo Holdings*, 318 F.R.D. at 63 (quotations and citations omitted). "[G]ood cause typically exists where the need for expedited discovery outweighs the prejudice to the responding party." *Id*. Stated differently, "leave shall be granted [under Rule 30] unless the court finds such discovery would be inconsistent with the 'benefits vs. burdens' approach provided under Rule 26(b)(2).

7

*United States v. Slay*, 2011 U.S. Dist. LEXIS 173501, at *14 (E.D. Tex. Oct. 18, 2011) (citing Hittner, Hon. David, et al., *Federal Civil Procedure Before Trial*, 11-171 (5th Cir. ed., 2011).[2]

Here, there is "good cause" to grant plaintiffs leave to depose the Witnesses—even though the case is otherwise stayed—because the "need for expedited discovery outweighs [any] prejudice" to defendants. *Elargo Holdings*, 318 F.R.D. at 63. Specifically, as set forth in the Declaration, the Witnesses (i) are potential members of the Original Class or the proposed Amended Class, (ii) are competent to testify to certain facts and circumstances relevant to the defendants' alleged liability and their own physical symptoms that may be associated with exposure to creosote, and (iii) may not be available to testify at trial if their testimony is not preserved promptly given their current age, health, and/or other circumstances. Declaration ¶ 7; *see also id*. ¶¶ 8-14. By contrast, preserving the testimony of the Witnesses will not impose any cognizable prejudice on the defendants. Indeed, defendants have not even attempted to articulate any such prejudice. Instead, defendant International Paper has simply asserted that it "does not agree to waive the procedures and requirements of Rule 26 and objects to any depositions taking place prior to those being met." Exhibit E.

Accordingly, the Court should grant plaintiff leave to depose the Witnesses.

---

[2] "In some ways, [Rule 30] applications might be compared to applications under Rule 27 for pre-action preservation of evidence … [b]ut the two situations are not precisely the same." Wright & Miller, § 2104. Rule 27 governs before an action has been filed. Fed. R. Civ. Pro. 27. Rule 30 governs where, as here, an action has been filed but discovery has not yet commenced. Fed. R. Civ. Pro. 30. The distinction is significant. Rule 27 requires a showing that the testimony may be lost if not preserved immediately. Rule 30 does not. Wright & Miller § 2104.

**CONCLUSION**

Accordingly, plaintiff respectfully requests that the Court enter an order pursuant to Rule 30 granting plaintiff leave to depose the Witnesses on an expedited basis.

Dated: January 24, 2022

Respectfully submitted,

By: _____

David L. Wallace, Esq.
518 N Pine St.
DeRidder, LA 70634
Tel: 337-462-0473
Facsimile: 337-202-4070
*Counsel for Plaintiff*
*Larry W. Ashworth*