# EXHIBIT 1

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LARRY W. ASHWORTH,

          Plaintiff,

v.

KERR MCGEE CHEMICAL CORP, et al.,

          Defendants.

Civil Action No. 2:20-CV-00053-JDC
Judge James D. Cain, Jr.

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED, by, between, and among Plaintiff Larry

W. Ashworth ("Ashworth" or "Plaintiff"), on behalf of himself and all Settlement Class Members

as defined herein, and Defendants Occidental Petroleum Corporation ("Occidental") and Anadarko

Petroleum Corporation ("Anadarko") that the claims of the Settlement Class raised by, or which

could have been raised by, this lawsuit against the Released Persons, as defined herein, related to

alleged surface runoff or contaminated groundwater from the American Creosote Superfund Site

and/or the International Paper DeRidder Creosote Site are settled, compromised, and dismissed on

the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement

and Release, subject to the approval of the Court.

## 1   RECITALS

This Agreement is made for the following purposes and with reference to the following

facts:

1.1    On January 13, 2020, Ashworth filed a lawsuit against several defendants,

including Occidental and Anadarko, docketed as Case No. 20-0053 in the United States District

Court for the Western District of Louisiana, Lake Charles Division, asserting claims on behalf of

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

himself and a putative class of individuals allegedly harmed as a result of surface runoff or contaminated groundwater from the American Creosote Superfund Site and/or the International Paper DeRidder Creosote Site (the "Action"). ECF No. 1.

1.2     On July 13, 2020, Occidental and Anadarko moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, expressly reserving their rights to (1) argue that Plaintiff's claims against Occidental and Anadarko are barred by a November 19, 2014 Injunction entered in the Southern District of New York (the "Tronox Injunction"), (2) seek appropriate relief for Plaintiff's violation of the Tronox Injunction, and (3) ask this Court to stay consideration of their Motion to Dismiss pending the Southern District of New York's resolution of the dispute over the Tronox Injunction. ECF No. 36.

1.3     On July 24, 2020, Occidental and Anadarko filed a Motion to Enforce the [Tronox] Injunction and Hold Larry W. Ashworth and his Counsel in Contempt in the Southern District of New York, requesting that the court enforce the Tronox Injunction, enter an order directing Ashworth to dismiss his claims against Occidental and Anadarko, and hold both Ashworth and his counsel in contempt of the Tronox Injunction. *See In re Tronox*, Case No. 14-5495, ECF No. 102.

1.4     On July 30, 2020, Occidental and Anadarko filed a consent motion to stay the Action in Louisiana pending the outcome of their pending motion to enforce and any subsequent appeal, which the Court granted on July 31, 2020.

1.5     On February 19, 2021, Judge Oetken of the United States District Court for the Southern District of New York issued an order denying Occidental and Anadarko's motion to enforce the Tronox Injunction.

1.6     Thereafter, on March 12, 2021, Occidental and Anadarko filed a timely Notice of Appeal of that decision in the United States Court of Appeals for the Second Circuit. *In re Tronox*

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

*Incorporated*, Case No. 21-627.  On May 10, 2021, Mr. Ashworth moved to dismiss the Appeal on the grounds that the Second Circuit lacks appellate jurisdiction.  On September 16, 2021, the Second Circuit entered an order denying Mr. Ashworth's motion to dismiss and concluding that the Second Circuit has jurisdiction to hear Occidental and Anadarko's Appeal.

1.7     Following briefing before the Second Circuit, the parties presented oral argument on November 17, 2022.  No opinion has issued to date.

1.8     Having reached an agreement in principle to settle the Action, on June 7, 2023, Anadarko and Occidental filed a consent motion requesting that the Second Circuit defer its decision and hold the appeal in abeyance pending approval of this Settlement, which the Second Circuit granted on June 8, 2023.

1.9     Based on Class Counsel's experience representing plaintiffs in other putative class actions, Class Counsel believes that the claims of the Settlement Class have merit.  Class Counsel recognizes and acknowledges, however, that prosecuting this Action against Occidental and Anadarko involves significant risk as a result of a number of legal and factual uncertainties unique to the claims against Occidental and Anadarko in this case, including but not limited to (i) whether Occidental and Anadarko are subject to personal jurisdiction in this Court, (ii) whether the Tronox Injunction bars the claims against Occidental and Anadarko, (iii) whether the creosoting plant operated by the alleged predecessor of Occidental and Anadarko is a source of the surface runoff or contaminated groundwater complained of, and (iv) whether Occidental and Anadarko are liable for (or likely to be held liable for) the historic operations of the creosote plant.  Class Counsel further recognizes and acknowledges that prosecuting this Action through the conclusion of fact and expert discovery, a ruling on class certification, dispositive motions, trial, and appeals will involve considerable uncertainty, time, and expense.  Class Counsel has concluded that the terms

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

of this Settlement are fair, reasonable, adequate, and in the best interest of the Settlement Class, and has agreed to settle the Action with respect to Occidental and Anadarko on the terms set forth herein.

1.10    Occidental and Anadarko have denied, and continue to deny, each and every allegation of liability, wrongdoing, and damages, as they have substantial factual and legal defenses to all claims and class allegations in the Action.  Nonetheless, Occidental and Anadarko have concluded that the claims of the Settlement Class should be fully and finally settled on a class-wide basis in light of the expense, disruption, and uncertainty of continued litigation. Without admitting any liability or wrongdoing whatsoever, Occidental and Anadarko agree to the terms of this Agreement, in order to resolve all issues relating to the subject matter of the Action, with respect to the Settlement Class.

1.11    Excluded from the scope of this Settlement Agreement are Plaintiff's claims against non-settling defendants in the Action.  It is understood by all parties that Plaintiff, and any other person included within the proposed Settlement Class, will have the right to continue to prosecute claims against the non-settling defendants and (i) each of their parents, subsidiaries, affiliates, and investors, (ii) the predecessors and successors thereof, and (iii) each officer, director, insurer, employee, agent, principal, investor, and attorney of each such non-settling corporation or entity.

1.12    The Settling Parties desire to promptly and fully resolve and settle with finality all of the claims on the terms set forth herein, subject to the approval of the Court.

1.13    Each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below.

1.14    Plaintiff and Defendants Occidental and Anadarko, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable

4

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby agree as follows:

## 2    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1    "Action" means the litigation captioned *Larry W. Ashworth v. Kerr McGee Chemical Corp., et al.*, Case No. 20-0053 pending in the United States District Court for the Western District of Louisiana.

2.2    "Administrator" or "Notice Administrator" means, subject to approval of the Court, Marshall Simien, Jr., a third-party administrator selected by Class Counsel, which will oversee the dissemination of the Class Notice to the Settlement Class Members.

2.3    "Appeal" refers to Occidental and Anadarko's appeal to the Court of Appeals for the Second Circuit of Judge Oetken's February 19, 2021 order denying Occidental and Anadarko's motion to enforce the Injunction, captioned *In re Tronox Incorporated*, Case No. 21-627.

2.4    "Ashworth" or "Plaintiff" means Larry W. Ashworth, the named plaintiff in this Action.

2.5    "Anadarko" means Anadarko Petroleum Corporation, a defendant in this Action.

2.6    "Class Counsel" means Perry R. Sanders, Jr. (and the Sanders Law Firm), David L. Wallace (Attorney at Law), and Andrew K. Glenn (and Glenn Agre Bergman & Fuentes LLP).

2.7    "Class List" means the list maintained by Class Counsel of all names, property addresses, and mailing addresses (if available) for each Settlement Class Member retained by Class Counsel.

5

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

2.8    "Class Notice" means the program of notice described in Section 7 of this Agreement to be provided to Settlement Class Members by the Notice Administrator, including via newspaper publication and Direct Notice, which will notify Settlement Class Members of their rights to opt out and object to the Settlement, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing, among other things.

2.9    "Court" means the United States District Court for the Western District of Louisiana.

2.10   "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. All calculations of days and times shall be adjusted to permit compliance by Occidental and Anadarko with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. § 1715(b) and expiration of the 90-day review period in 28 U.S.C. § 1715 before the Final Approval Hearing is held in the Litigation to review and approve the Settlement.

2.11   "Defense Counsel" means Duke K. McCall, III and the firm Morgan, Lewis & Bockius LLP.

2.12   "Direct Notice" means the Notice that is mailed by the Notice Administrator to Settlement Class Members, in substantially the form attached as **Exhibit A** to this Agreement

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

and/or as ultimately approved by the Court. Direct Notice shall be sent not more than ten (10) days after the entry of the Preliminary Approval Order.

2.13  "Final Approval" means the entry of the judgment approving the Settlement after the Final Approval Hearing is conducted.

2.14  "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, whether the Settlement should be granted Final Approval, and whether the judgment should be entered.

2.15  "Final Settlement Date" means the date on which the judgment in this case becomes final.

2.16  "Injunction" means the permanent injunction, entered by Judge Katherine B. Forrest in *In re Tronox Incorporated*, Case No. 14-5495 (S.D.N.Y.), ECF No. 34, prohibiting any person from litigating claims that are derivative or duplicative of the claims that were settled in that case.

2.17  "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all other reasonable and authorized costs and expenses incurred by the Notice Administrator.

2.18  "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to timely object to the Settlement. The Objection Deadline shall be no later than thirty (30) days after the provision of Class Notice as described in Section 7 or as the Court may otherwise direct.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

2.19   "Occidental" means Occidental Petroleum Corporation, a defendant in this Action.

2.20   "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which an Opt-Out Request must be mailed to the Notice Administrator in accordance with Section 9 of this Agreement in order for a Settlement Class Member to opt out of the Settlement Class.  The Opt-Out Deadline shall be forty-five (45) days after Notice is sent to the Settlement Class or as the Court may otherwise direct.

2.21   "Opt-Out List" means the record kept by the Notice Administrator of all Opt-Out Requests received from the Settlement Class.

2.22   "Opt-Out Request" means a written request from a Settlement Class Member seeking to opt the Settlement Class Member out of the Settlement Class and that complies with all requirements in Section 9 of this Agreement, or if they differ, the Preliminary Approval Order.

2.23   "Preliminary Approval Application" means Plaintiff's motion for the Court to preliminarily approve the Settlement and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.  Plaintiff's Preliminary Approval Application shall be filed within seven (7) days after this Agreement is signed.

2.24   "Preliminary Approval Order" means the order in substantially similar form as **Exhibit B** and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; finding that certification of the Settlement Class for settlement purposes only is likely; directing the dissemination of the Class Notice to the Settlement Class Members; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

8

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

2.25    "Release" or "Releases" means the releases of all Released Claims by Plaintiff and the Settlement Class against the Released Persons, as provided for in Section 12 of this Agreement.

2.26    "Released Claims" means and includes any and all claims, actions, causes of action, offsets or liabilities, whether known or unknown, suspected or unsuspected, contingent or matured, which Ashworth or any Settlement Class Member has had, now has, or may in the future have against any Released Person arising out of or connected in any way to alleged surface runoff or contaminated groundwater from the American Creosote Superfund Site and/or the International Paper DeRidder Creosote Site.

2.27    "Released Persons" or "Released Person" means and includes (i) Occidental and Anadarko, (ii) each of their parents, subsidiaries, affiliates, and investors that the Settlement Class has alleged or might allege is a successor to Shreveport Creosoting Company, American Creosoting Company, and/or American Creosoting Corporation, (iii) the predecessors and successors thereof, and (iv) each officer, director, insurer, employee, agent, principal, investor, and attorney of each released corporation or entity.   For the avoidance of doubt, "Released Person" and "Released Persons" do not include and nothing herein shall be deemed to release or otherwise limit the liability of (i) the non-settling defendants in this Action, (ii) each of their parents, subsidiaries, affiliates, and investors, (iii) the predecessors and successors thereof, and (iv) each officer, director, insurer, employee, agent, principal, investor, and attorney of each such non-settling corporation or entity.

2.28    "Settlement" or "Settlement Agreement" or "Agreement" means this Stipulation and Settlement Agreement, including all exhibits thereto.

9

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

2.29    "Settlement Class" means all members of the class of residents and property owners in the Action that will be certified by the Court for settlement purposes only as more fully described in Section 3 of this Agreement.

2.30    "Settlement Class Member" means any member of the Settlement Class.

2.31    "Settling Parties" means, collectively, defendants Occidental and Anadarko and representative plaintiff, Larry Ashworth, individually and on behalf of the Settlement Class.

## 3    CLASS DEFINITION AND CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY

3.1    The "Settlement Class" shall include non-owner residents, homeowners, and landowners within the geographical boundaries depicted in Exhibit 5 to the [Proposed] Amended Petition for Damages and Injunctive Relief and for Class Action Relief for all Similarly Situated Persons (*i.e.*, non-owner residents, homeowners, and landowners within the flood plain and subsurface sand and aquifer, between the original sites of contamination and Ashworth's property) and/or other individuals who might assert a claim for personal injury, property damages, economic damages, and/or injunctive relief based on alleged surface runoff or contaminated groundwater alleged to emanate from the American Creosote Superfund Site and/or the International Paper DeRidder Creosote Site, including those referenced in ¶¶ 42-51 of the [Proposed] Amended Petition for Damages and Injunctive Relief and for Class Action Relief for all Similarly Situated Persons. *See* ECF No. 77 ¶¶ 42–51; ECF No. 78-5; *see also* ECF No. 67-8.

3.2    Excluded from the Settlement Class are: (i) federal, state, and/or local government agencies; and (ii) any judge, clerk, or officer of the Court, their spouses, and persons within the third degree of relationship to either of them or the spouses of such persons.

10

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

3.3    After the Preliminary Approval Order is entered, Plaintiff shall move for Final Approval of the Settlement and entry of final judgment.  If the Settlement is not granted final approval, or this Agreement is otherwise terminated or rendered null and void, the Court's finding that certification of the Settlement Class for the purposes of judgment on the proposed Settlement is likely shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Occidental and Anadarko reserve and shall have all rights to challenge certification of the Settlement Class or any other class for trial purposes in the Action, or in any other litigation, on all available grounds as if no Settlement Class had been certified.

## 4    CONDITIONS AND OBLIGATIONS RELATING TO THE SETTLEMENT EFFECTIVENESS

4.1    This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.

4.2    Condition No. 1: Agreement to Hold the Appeal in Abeyance.  Plaintiff, Occidental, and Anadarko agree the Appeal should remain in abeyance pending approval of this Settlement.  Occidental and Anadarko further agree to voluntarily dismiss the Appeal within seven (7) days of Final Approval of the Settlement and final judgment dismissing all claims against Occidental and Anadarko in this Action.

4.3    Condition No. 2: Consent to Motion to Vacate.  Plaintiff agrees to join in or consent to a motion by Occidental and Anadarko to vacate Judge Oetken's order denying the Motion to Enforce the Injunction.

11

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

4.4     Condition No. 3: District Court Approval. The Settlement must be approved by the Court in accordance with the following steps:

4.4.1   No later than seven (7) days following execution of this Agreement (i) the Settling Parties will inform the Court that the Action has been settled with respect to Plaintiff's claims against Occidental and Anadarko; (ii) the Settling Parties will inform the Court that and the Appeal is being held in abeyance pending approval of the settlement; and (iii) Class Counsel will present a Preliminary Approval Application to the Court.

4.4.2   Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice. After good faith consultation with Defense Counsel, Class Counsel will present a Preliminary Approval Application to the Court within seven (7) days of the execution of this Agreement. The Preliminary Approval Application shall include a Class Notice in substantially similar form as **Exhibit A** and a proposed Preliminary Approval Order, in substantially similar form as **Exhibit B**. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than ninety (90) days after the service of the required notices under 28 U.S.C. § 1715.

4.4.3   Settlement Class Certification. In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement, Plaintiff shall seek as part of the Preliminary Approval Application an order finding that certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only is likely.

4.4.4   Entry of Preliminary Approval Order. The Court shall enter a Preliminary Approval Order in substantially similar form as **Exhibit B**, which shall, among other things:

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

      a.     Determine that class certification of a Settlement Class, solely for purposes of judgment on the proposed settlement and for no other purpose, is likely; and approve Plaintiff as an adequate class representative; and appoint Class Counsel, pursuant to Fed. R. Civ. P. 23;

      b.     Preliminarily approve the Settlement as fair, reasonable and adequate;

      c.     Order the issuance of Class Notice to the Settlement Class, and determine that such Notice complies with all legal requirements, including, but not limited to, the Class Action Fairness Act and Due Process Clause of the United States Constitution;

      d.     Schedule a date and time for a Final Approval Hearing to determine whether the Settlement should be finally approved by the Court;

      e.     Require Settlement Class Members who wish to opt out to submit an appropriate and timely written Opt-Out Request by the Opt-Out Deadline, as directed in the Settlement Agreement and Settlement Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

      f.     Establish procedures for Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Class Notice and Preliminary Approval Order;

      g.     Require attorneys representing any objecting Settlement Class Member, at the Settlement Class Member's expense, to file a notice of appearance;

      h.     Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

        i.      Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

        4.4.5   Issuance of Class Notice.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Notice Administrator shall cause the Class Notice to be issued in accordance with Section 7 below.

        4.4.6   Final Approval Hearing.  In connection with the Preliminary Approval Application, Plaintiff shall request that the Court schedule and conduct a hearing after dissemination of Settlement Class Notice, at which it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Specifically, after good faith consultation with Occidental and Anadarko, Plaintiff shall request that, on or after the Final Approval Hearing, the Court: (i) certify the Settlement Class for purposes of judgment on the proposed Settlement; and (ii) enter the final judgment, granting Final Approval of the Agreement and dismissing with prejudice the claims of Settlement Class Members against Occidental and Anadarko in this Action.  The Settling Parties will reasonably cooperate with one another in seeking entry of the final judgment.

    4.5   Condition No. 4:  Finality of Judgment.  The Court shall enter a final Order containing language substantially similar to **Exhibit C**, and judgment in substantially similar form as **Exhibit D**, and shall, among other things:

        4.5.1   Find that (i) the Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction over the claims asserted in this Action; and (ii) venue is proper;

        4.5.2   Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, and adequate;

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

4.5.3   Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, Rule 23 and the Due Process Clause of the United States Constitution;

4.5.4   Find there is no just reason for delay in entering final judgment with respect to the claims of all Settlement Class Members, enter said final judgment and dismiss the claims of all Settlement Class Members against Occidental and Anadarko in this Action with prejudice;

4.5.5   Make the Releases in Section 12 of the Settlement Agreement effective as of the Final Settlement Date;

4.5.6   Permanently bar and enjoin Plaintiff and all Settlement Class Members who have not opted out of the Agreement, from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

4.5.7   Permanently bar and enjoin Plaintiff and all Settlement Class Members who have not opted out of the Settlement from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

4.5.8   Find that, by operation of the entry of the judgment, Plaintiff and all Settlement Class Members who have not opted out of the Agreement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

4.5.9    Authorize the Settling Parties to implement the terms of the Settlement Agreement;

4.5.10  Without affecting the finality of the judgment for purposes of appeal, retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the final judgment, and for any other necessary purpose; and

4.5.11  Issue related orders to effectuate the Final Approval of the Agreement and its implementation.

## 5    SETTLEMENT APPROVAL

5.1    Within seven (7) days of this Agreement's date, Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

5.2    Plaintiff shall move for and brief the issue of Final Approval of the Settlement in accordance with the Preliminary Approval Order or such other or further order of the Court.

5.3    At the Final Approval Hearing, Plaintiff shall move for entry of the proposed judgment and present arguments in support thereof.

5.4    Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by or involve any Settlement Class Member in any other jurisdiction and that are released pursuant to this Settlement Agreement.

## 6    SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

6.1    Settlement Amount.  In consideration for the Releases set forth in Section 12, and within twenty (20) business days following the Final Settlement Date, Occidental and Anadarko shall pay into the attorney escrow account of Class Counsel the sum of $3,500,000.00, to be used for hard costs associated with the Action going forward, including but not limited to engineers,

16

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

toxicologist, air and water modelers, doctors, deposition costs, travel, historic document assembly, and other costs traditionally associated with prosecution of an environmental case alleging personal injury and property damage. Such funds shall not be used for attorneys' fees, and no attorney fee shall be taken by Class Counsel. Payment shall be made by check or wire transfer pursuant to written instructions provided by Class Counsel.

6.2     Payment of Costs to Provide Class Notice. In addition to the Settlement Amount, Occidental and Anadarko will pay the reasonable costs to ensure proper due process is given to the Settlement Class in a form approved by the Court, which will likely be newspaper and direct mail, including Direct Notice to Settlement Class Members who have retained Class Counsel for purposes of pursuing this Action.

6.3     Payments to Settlement Class Members. In the event that settlement funds remain in the attorney escrow account after the Action has been resolved, that money will be distributed to Settlement Class Members by Class Counsel in a manner approved by the Court at a later date. There will be no reverter to Occidental and Anadarko of any sums remaining in the attorney escrow account after the Action has been resolved.

**7     NOTICE PROCEDURES**

7.1     Within ten (10) days of the Preliminary Approval Order, the Notice Administrator shall cause notice to be disseminated to the Settlement Class in order to comply with all applicable laws, including, but not limited to the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23 pursuant to the provisions set forth below.

7.2     Direct Notice. Subject to the requirements of the Preliminary Approval Order, no later than ten (10) days after the entry of the Preliminary Approval Order, the Notice Administrator

17

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

shall send via first class mail Class Notice substantially in the form attached as **Exhibit A** to all Settlement Class Members.

7.3     Notice by Publication.  No later than the mailing of the Direct Notice, the Notice Administrator shall arrange for publication of notice of the proposed Settlement Agreement in both local and national publications.

## 8   ADMINISTRATION AND COSTS OF NOTICE

8.1     Pursuant to Section 7, Occidental and Anadarko will pay the reasonable Notice and Administrative Costs incurred by the Notice Administrator to ensure notice is provided in a form and manner approved by the Court.

8.2     The Notice Administrator shall provide notice in a cost-effective and timely manner.  The Notice Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Notice Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defense Counsel upon request.  The Notice Administrator shall also provide reports and other information to the Court as the Court may require.  The Notice Administrator shall provide Class Counsel and Defense Counsel with information concerning the provision of Notice and responses received from Notice recipients.  Should the Court request, the Settling Parties, in conjunction with the Notice Administrator, shall submit a timely report to the Court summarizing the work performed by the Notice Administrator.

8.3     Without limiting the foregoing, the Notice Administrator shall:

8.3.1   Receive Opt-Out Requests from the Settlement Class and promptly provide a copy of such requests to Class Counsel and Defense Counsel upon receipt (the "Opt-Out List"). If the Notice Administrator receives an Opt-Out Request or other requests from the Members of

18

DocuSign Envelope ID: 0E71A10E-EC32-462F-818F-D4A6EE8D647B

*EXECUTION COPY*

the Settlement Class after the Opt-Out Deadline, the Notice Administrator shall promptly provide copies thereof to Class Counsel and Defense Counsel;

       8.3.2   Provide Class Counsel and Defense Counsel with an affidavit or declaration by a competent affiant or declarant, attesting that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Opt-Out Requests received.

     8.4   Prior to or immediately upon the grant of Preliminary Approval, Class Counsel shall deliver to the Notice Administrator the list of all names, property addresses, and mailing addresses (if available) for each Settlement Class Member (the "Class List") retained by Class Counsel so that the Notice Administrator may provide Direct Notice to the Settlement Class, as provided in this Agreement.

     8.5   Because the information about Settlement Class Members in the Class List that will be provided to the Notice Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Notice Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Class Counsel will be used solely for the purpose of effecting this Settlement. The Notice Administrator shall administer the provision of notice in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the provision of notice as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Agreement or by court order.

19

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

8.6     The Notice Administrator and/or Class Counsel shall complete and provide to Defense Counsel any forms necessary for Occidental and Anadarko to fund Notice and Administrative Costs and otherwise implement this Settlement.

## 9    OPT-OUT PROCEDURES

9.1     A Settlement Class Member wishing to opt-out of the Settlement Class must do so in writing.  In order to opt out, a Settlement Class Member must complete and send to the Notice Administrator, at the address listed in the Class Notice for this Settlement, an Opt-Out Request that is postmarked or otherwise delivered no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires).

9.2     The written Opt-Out Request must clearly manifest a person's intent to be excluded from the Settlement Class and must include: (i) the case name; (ii) the individual's name and address; (iii) a statement that he or she wants to be excluded from the Settlement Class; and (iv) the individual's signature.

9.3     All Settlement Class Members, except those who timely and properly file an Opt-Out Request in accordance with this Section, will be deemed to be Settlement Class Members for all purposes under the Agreement and upon the Final Settlement Date, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

## 10   OBJECTIONS

10.1     Any potential Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member; (iii) a written statement of all grounds for the objection, accompanied by any legal, factual and evidentiary support for the objection the

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

objector believes applicable; (iv) the identity of all counsel representing the objector (if any), including any former or current counsel who may be entitled to compensation for any reason related to the objection; (v) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (vii) the objector's signature and the signature of the objector's dully authorized attorney or other duly authorized representative; (viii) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (ix) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (x) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity.

      10.1.1  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of Court or mailed to the Notice Administrator postmarked no later than 30 days from the date of entry of the Preliminary Approval Order.

      10.1.2  In each case the Objection must be served concurrently therewith upon Class Counsel, Perry R. Sanders, Jr., The Sanders Law Firm, 31 N. Tejon, Suite 400, Colorado Springs, CO 80903, David L. Wallace, Attorney at Law, 518 North Pine Street, Post Office Box 489, DeRidder, Louisiana 70634, and Andrew K. Glenn, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036; and Defense Counsel, Duke K. McCall, III, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Ave., NW, Washington, DC 20004-2541.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

10.2   The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party to the Action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited bases, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed.

10.3   Except upon a showing of good cause, any Settlement Class Member who fails to comply with the requirements for objecting in ¶¶ 10.1 and 10.2 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶¶ 10.1 and 10.2. Without limiting the foregoing, any challenge to the Settlement Agreement or the judgment to be entered upon Final Approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

10.4   In the event that a Settlement Class Member submits both a timely and valid Opt-Out Request and Objection, the Settlement Class Member will be deemed to have only submitted the Opt-Out Request and the Objection will be invalid.

10.5   The Settling Parties are to file any responses to objections no later than fourteen (14) days before the Final Approval Hearing.

## 11  COVENANTS

The Settling Parties covenant and agree as follows:

11.1   <u>Covenants Not to Sue</u>. Plaintiff, as representative of the Settlement Class, covenants and agrees on behalf of the Settlement Class: (i) not to file, commence, prosecute,

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons; (ii) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons.

11.2   Cooperation.  The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of a final judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Agreement, including, but not limited to, the expeditious agreement to the terms of all settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

## 12  RELEASES

12.1   Released Claims of Settlement Class.  Upon the Final Settlement Date, each member of the Settlement Class, other than Plaintiff and those Settlement Class Members who have validly opted out, acknowledges full satisfaction of and fully, finally, and forever releases, settles, and discharges all Released Persons from any and all Released Claims.

12.2   Released Claims of Plaintiff.  Upon the Final Settlement Date, Plaintiff, on behalf of himself, his family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby fully, finally, and forever releases and discharges the Released Persons from any and all claims, actions, causes of action, offsets and liabilities, whether known or

23

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

12.6    Nothing in the Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

12.7    Excluded from the Releases in this Section 12 are Plaintiff's claims against non-settling defendants only, both on his own behalf and on the behalf of putative class members in the Action. It is understood by all parties that Plaintiff will continue to prosecute claims against the non-settling defendants, both on his own behalf, and on behalf of putative class members in the Action. Plaintiff on behalf of himself and the Settlement Class stipulates and agrees that Occidental and Anadarko are not successors in interest to any non-settling defendant in the Action and are not otherwise liable to Plaintiff or the Settlement Class for any of the damages Plaintiff and/or the Settlement Class may seek to recover from the non-settling defendants.

## 13   REPRESENTATIONS AND WARRANTIES

13.1    <u>Plaintiff's Representations and Warranties.</u>  Plaintiff represents and warrants that he is the sole and exclusive owner of all Released Claims and that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons, and

25

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

further covenants that he will not assign or otherwise transfer any interest in any of Plaintiff's Released Claims. Plaintiff represents and warrants that he has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

13.2    The Settling Parties' Representations and Warranties. The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement.

## 14   CONFIDENTIALITY

14.1    The Settling Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any party until the Settlement Agreement is filed in connection with the Preliminary Approval Application.

14.2    The Settling Parties and their counsel agree that both before and after Preliminary Approval of the Settlement, neither they nor their counsel shall publish a press release or a release on the Internet concerning the Settlement except to the extent the information reflected therein appears as part of the public record.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A8EE8D647B

*EXECUTION COPY*

14.3    The Settling Parties and their counsel agree that both before and after Preliminary Approval, if any print or electronic media outlet contacts any party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed upon by all Settling Parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 15   TERMINATION AND EFFECT THEREOF

15.1    This Agreement shall be terminable by any Settling Party if any of the conditions of Section 4 are not fully satisfied, unless they are waived in writing signed by authorized representatives of the Settling Parties.

15.2    This Agreement shall also terminate at the discretion of any Settling Party if: (i) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (ii) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the final judgment, or any of the district court's findings of fact or conclusions of law that is material; or (iii) if all of the conditions required to be met before the Final Settlement Date do not occur.

15.3    If this Agreement is terminated as provided herein, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Action as of the date of Preliminary Approval. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the Action, or in any other proceeding for any purpose, and any judgment or order entered

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*.

## 16  NOTICES

16.1    All Notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by email and mail to the following addresses:

All Notices to Class Counsel shall be sent to Class Counsel, c/o:

Perry R. Sanders, Jr.
THE SANDERS LAW FIRM
31 N. Tejon, Suite 400
Colorado Springs, CO 80903
perry@perrysanders.com
Tel. 719.630.1556
Fax 719.630.7004

Andrew K. Glenn
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas,
22nd Floor
New York, NY
10036aglenn@glennagre.com
Tel. 212 358-5600

David L. Wallace
518 North Pine Street
Post Office Box 489
DeRidder, LA 70634
wnblawoffice@bellsouth.net
Tel. 337.462.0473
Fax 337.202.4070

*Counsel for Plaintiff Larry W. Ashworth and Settlement Class*

All Notices to Occidental or Anadarko shall be sent to their counsel, c/o:

Duke K. McCall, III
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
duke.mccall@morganlewis.com
Tel. 202.373.6607
Fax 202.739.3001

*Counsel for Defendants Anadarko Petroleum Corporation and Occidental Petroleum Corporation*

16.2    The notice recipients and addresses designated above may be changed by written agreement of the Settling Parties.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

16.3    Each of the Settling Parties agrees to promptly provide, upon the other's request copies of Objections, Opt-Out Requests, or other similar documents received from Settlement Class Members in response to the Settlement Class Notice.

## 17  MISCELLANEOUS

17.1    The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

17.2    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the claims of the Settlement Class against Occidental and Anadarko in the Action.  The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  The amounts paid are to compromise Settlement Class Members' claims and the amounts paid represent their compensation for such alleged claims.

17.3    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of any Released Persons; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

other tribunal. Released Persons may file this Agreement and/or the judgment in any action that may be brought against them in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17.4    All of the exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.5    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

17.6    This Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

17.7    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

17.8    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. Facsimile signatures, electronic signatures, or signatures sent via e-mail shall be treated as original signatures and shall be binding. A complete set of counterparts will be submitted to the Court.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

17.9    This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.10   Occidental and Anadarko maintain that they are not subject to either general or specific personal jurisdiction in this Court with respect to claims asserted in this Action.  Without waiver of that defense, all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Settlement and agree the Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement.

17.11   None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.12   The Settlement shall be governed by the laws of the State of Louisiana, applied without regard to laws applicable to choice of law, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.13   The following principles of interpretation apply to the Agreement: (i) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (ii) references to a person are also to the person's successor-in-interest; and (iii) whenever the words "include," includes," or "including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

Dated:  August 25, 2023

LARRY W. ASHWORTH
Plaintiff

By: _Larry W Ashworth_

Name: _Larry W. Ashworth_

Title: _Lead Petitioner_

Dated:

ANADARKO PETROLEUM CORPORATION

By: _[signature]_

Name: James Holtz

Title: Assistant Treasurer

Dated:

OCCIDENTAL PETROLEUM
CORPORATION

By: _[signature]_

Name: James Holtz

Title: Assistant Treasurer

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

APPROVED AS TO FORM:

Dated: August 24, 2023

Perry R. Sanders, Jr.
THE SANDERS LAW FIRM
31 N. Tejon, Suite 400
Colorado Springs, CO 80903
perry@perrysanders.com
Tel. 719.630.1556
Fax 719.630.7004

David L. Wallace
518 North Pine Street
Post Office Box 489
DeRidder, LA 70634
wnblawoffice@bellsouth.net
Tel. 337.462.0473
Fax 337.202.4070

Andrew K. Glenn
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
aglenn@glennagre.com
Tel. 212 358-5600

*Counsel for Plaintiff Larry W. Ashworth*

DocuSign Envelope ID: 0E71A10E-EC32-462F-816F-D4A6EE8D647B

*EXECUTION COPY*

Dated: August 23, 2023

Lynne M. Powers
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
lynne.powers@morganlewis.com
Tel. 212.309.6220
Fax 212.309.6001

Duke K. McCall, III (*pro hac vice*)
Lindsey T. Levy (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
duke.mccall@morganlewis.com
lindsey.levy@morganlewis.com
Tel. 202.373.6607
Fax 202.739.3001

*Counsel for Defendants Anadarko Petroleum
Corporation and Occidental Petroleum
Corporation*

34