# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LARRY W. ASHWORTH,

    Plaintiff,

v.

KERR MCGEE CHEMICAL CORP, et al.,

    Defendants.

Civil Action No. 2:20-CV-00053

Judge James D. Cain, Jr.

## [PROPOSED] PRELIMINARY APPROVAL OF SETTLEMENT

Upon consideration of the Motion for Preliminary Approval of Settlement with Occidental and Anadarko (the "Motion"), and the supporting materials filed by the Parties, including the Settlement Agreement and Release and Notice of Proposed Class Action Settlement, it is ordered that the Motion is **GRANTED**.

Having reviewed the Motion and supporting materials, the Court further makes the following findings and rulings:

**I.    DEFINITIONS**

This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement.

**II.   NO DETERMINATION OF WRONGDOING**

The Settlement Agreement, Motion, this Preliminary Approval Order, the fact of a settlement, or any related negotiations, statements, or proceedings shall not be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession by Defendants Occidental Petroleum Corporation ("Occidental"), Anadarko Petroleum Corporation

1

("Anadarko"), or the Released Persons of any liability or wrongdoing whatsoever. This Order is not a finding of the merits, validity, or accuracy of any of the allegations, claims, or defenses in the Action, and by entering this Order, the Court does not make any determination as to the merits of the case.

In no event shall this Order, the Settlement Agreement, the fact that a settlement was reached and filed, or any of the Settlement Agreement's provisions, negotiations, statements, or proceedings be introduced, used, offered, or admissible in any way in the Action, in any other action, or in any other judicial, administrative, investigative, arbitral, or other proceeding as evidence of wrongdoing or violation of any federal, state, or local statute, regulation, or principle of common law or equity or in support of class or collective treatment or class certification, by any person or entity.

Notwithstanding the foregoing, the Settling Parties may use the Settlement Agreement in a proceeding in the Court to enforce or implement any provision of the Settlement, and the Released Persons may use, offer, admit, or refer to the Settlement Agreement and to the settlement reached therein where necessary to defend themselves in any other action, or in any judicial, administrative, investigatory, arbitral, regulatory, or other proceeding.

### III.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

The Court finds that the proposed Settlement Class, solely for purposes of this preliminary approval of the proposed settlement and for no other purpose, meets the requirements of Federal Rule of Civil Procedure 23. Accordingly, for purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies a Settlement Class composed of:

> Non-owner residents, homeowners, and landowners within the geographical boundaries depicted in Exhibit 3 to the Amended Complaint (*i.e.*, non-owner residents, homeowners, and landowners within the flood plain and subsurface sand and aquifer, between the original sites of contamination and Ashworth's property) and/or other individuals who

might assert a claim for personal injury, property damages, economic damages, and/or injunctive relief based on alleged surface runoff or contaminated groundwater alleged to emanate from the American Creosote Superfund Site and/or the International Paper DeRidder Creosote Site.  ECF No. 77 ¶ 42–43; ECF No. 67-8.

The Settlement Class does not include (i) federal, state, and/or local government agencies; or (ii) any judge, clerk, or officer of the Court, their spouses, and persons within the third degree of relationship to either of them or the spouses of such persons.

### IV. APPOINTMENT OF SETTLEMENT CLASS REPRESENTATIVE AND CLASS COUNSEL

For the purposes of settlement only, the Court finds that Plaintiff is an adequate representative of the Class and appoints Larry W. Ashworth as Settlement Class Representative.

In addition, and also for the purposes of settlement only, the Court appoints Perry R. Sanders, Jr. (The Sanders Law Firm), David L. Wallace (Attorney at Law), and Andrew K. Glenn (Glenn, Agre, Bergman & Fuentes LLP) as Class Counsel.

### V. EFFECT OF TERMINATION OF SETTLEMENT AGREEMENT OR NON-OCCURRENCE OF THE FINAL SETTLEMENT DATE

The conditional certification of the Settlement Class and appointment of the Settlement Class Representative and Class Counsel are solely for the purposes of effectuating the Settlement. In the event that (i) the Settlement Agreement is not approved in its entirety by the Court, excluding Court-ordered modifications that the Settling Parties determine in their reasonable and good-faith judgment not to be material modifications; (ii) the Settlement Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms; or (iii) judgment does not become a final judgment, the foregoing conditional certification of the Settlement Class and appointment of a Settlement Class Representative and Class Counsel shall be void and this Order shall be treated as vacated, *nunc pro tunc*.  In such events, the Settlement Agreement shall also be deemed null and void, and the Parties to the Settlement shall be returned to the status each occupied before execution of the Settlement Agreement and entry of this Order without prejudice to any

procedural or substantive claims, objections, rights, defenses, legal arguments, or legal positions, including but not limited to, claims or objections to class certification and claims and defenses on the merits.

## VI. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court has reviewed the terms of the Settlement Agreement, Motion, and supporting materials. Based on the Court's review of those papers, the Court concludes that the Settlement Agreement is fair, reasonable, and adequate; the result of extensive, arms-length negotiations between experienced Counsel and Parties; and within the range of preliminary settlement approval such that notice to the Settlement Class is appropriate.

The Settlement Agreement is therefore **PRELIMINARILY APPROVED**. Final approval and entry of the Settlement Agreement is subject to the hearing of any objections of Settlement Class Members to the Settlement Agreement.

## VII. APPOINTMENT OF NOTICE ADMINISTRATOR

The Court appoints as Notice Administrator Marshall Simien, Jr., a third-party administrator selected by Class Counsel and agreed to by Defense Counsel, to oversee the dissemination of the Class Notice to the Settlement Class Members pursuant to the duties and responsibilities set forth in the Settlement Agreement.

## VIII. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE

The Court approves the substance and form of the attached Notice as reasonable, and adopts and incorporates them herein. The Court also approves the proposed plan for distributing the Notice, which the Court finds is a reasonable method calculated to reach all potential Settlement Class Members.

The Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of appropriate information about: (i) the nature of this Action, the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement; (ii) how to participate in the Settlement; (iii) how to exclude oneself, or opt-out, of the Settlement, if desired; (iv) how to challenge or object to the Settlement, if desired; (v) how Members' rights are affected whether they act or do not act; (vi) this Court's procedures for final approval of the Settlement; and (vii) Settlement Class Members' right to appear if they wish to do so.

The Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable and complies with all legal requirements, including, but not limited to, the Class Action Fairness Act and Due Process Clause of the United States Constitution.

Accordingly, the Court hereby **ORDERS** as follows:

1. The form of the Notice is approved;

2. The manner of distributing the Notice is approved;

3. Immediately upon entry of this Order, Class Counsel shall provide the Notice Administrator the names, property addresses, and mailing addresses (if available) for each Settlement Class Member;

4. After receipt of the Settlement Class Members' information from Class Counsel, the Notice Administrator will perform a search and update using the National Change of Address Database to correct any known or identifiable address changes for Settlement Class Members;

5. Promptly following the entry of this Order, the Notice Administrator shall prepare final versions of the Notice, incorporating into them the relevant dates and deadlines set forth in this Order;

      6.      No later than ten (10) days after entry of this Order, the Notice Administrator shall cause a copy of the Notice, containing information instructing Settlement Class Members of their right to object or opt out of the Agreement, to be distributed, as approved by this Court, by first class United States mail to the Settlement Class Members;

      7.      No later than the mailing of Direct Notice, the Notice Administrator shall arrange for publication of notice of the proposed Settlement Agreement in both local and national publications; and

      8.      The Notice Administrator shall take all other actions in furtherance of effectuating proper notice of the Class as specified in the Settlement Agreement.

**IX.    PARTICIPATION IN THE SETTLEMENT**

The Notice accurately sets forth the procedures Settlement Class Members must follow to participate in the Settlement Agreement. If at the Final Approval Hearing, this Court grants Final Approval to the Settlement, Plaintiff and each individual Settlement Class Member who does not timely opt-out or request exclusion from the Settlement will release claims, as set forth in the Settlement Agreement by operation of this Court's entry of the Judgement and Final Approval.

**X.    REQUESTS TO OPT OUT OR FOR EXCLUSION FROM THE SETTLEMENT**

The Notice accurately sets forth the procedures Settlement Class Members must follow to opt out or exclude themselves from the Settlement. Any Opt-Out Request must follow the procedures in the Settlement Agreement and Notice and be postmarked on or before forty-five (45) days after the Notice is mailed to Settlement Class Members. The Notice Administrator will provide the Settling Parties with copies of all Opt-out Statements as soon as they are received by the Notice Administrator. The final list will be submitted by Class Counsel, with redaction on any

personal identifying information, along with the declaration of the Notice Administrator, as an exhibit to the Final Approval Motion.

## XI. OBJECTIONS TO THE SETTLEMENT

The Notice accurately sets forth the procedures Settlement Class Members must follow to comment on or object to the terms of the Settlement Agreement. Any comment or objection must follow the procedures in the Settlement Agreement and Notice and must be received by the Notice Administrator by _____ [*a date certain thirty (30) days after the Notice Administrator mails a Notice to such Settlement Class Member*]. The Notice Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defense Counsel as soon as they are received. The final list will be submitted by Class Counsel, with redaction on any personal identifying information, along with the declaration of the Notice Administrator attached to the Final Approval Motion.

Any attorney representing any objecting Settlement Class Member, at the Settlement Class Member's expense, shall file a notice of appearance.

## XII. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

1. <u>Motion for Final Approval</u>. The deadline for Class Counsel to file a Motion for Final Approval of Class Action Settlement and to address any objections to the Settlement Agreement is _____ [*a date set by the Court*].

2. <u>Final Approval Hearing</u>. A hearing shall be held at _____ in Courtroom __, at _____ a.m./p.m. on _____, __, 202_ [*a date and time set by the Court at least 90 days after service of required notice under 28 U.S.C. § 1715* ], to consider the Motion for Final Approval of Class Action Settlement. The procedures for Settlement Class Members to comment on and/or object to the Settlement Agreement and to appear at the Final Approval

7

Hearing are set forth in the Notice. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve the Settlement, with such modification as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

### XIII. CONFIDENTIALITY

The Court enjoins disclosure to third parties of the documents and information discussed or exchanged during the Parties' confidential settlement negotiations.

**SO ORDERED** this _____ day of _____ 2023.

_____
The Honorable Judge James D. Cain, Jr.
United States District Judge