# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LARRY W. ASHWORTH,<br><br>        Plaintiff,<br><br>v.<br><br>KERR MCGEE CHEMICAL CORP, et al.,<br><br>        Defendants. | Civil Action No. 2:20-CV-00053<br><br>Judge James D. Cain, Jr. |

### [PROPOSED] FINAL ORDER OF APPROVAL OF SETTLEMENT

Upon consideration of Plaintiff Larry W. Ashworth's ("Plaintiff") Motion for Final Approval of Class Action Settlement with Defendants Occidental Petroleum Corporation ("Occidental") and Anadarko Petroleum Corporation ("Anadarko"), ECF No. __ (the "Motion"), the materials submitted for and against, and the arguments presented during the Final Approval Hearing on _____ __, 202_, it is ordered that the Motion is **GRANTED**.

The Court has heard from counsel, reviewed the completed briefing and record, and is fully informed. In particular, and as further described below, in ruling on the above-described motion, the Court has considered: (i) whether the class representatives and class counsel have adequately represented the class; (ii) whether the proposed Settlement Agreement was negotiated at arm's length; and (iii) whether the relief provided to the Settlement Class is adequate.

Based thereon, the Court makes the following findings and rulings:

**I.    DEFINITIONS**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement.

1

**II. JURISDICTION**

2. This Court has jurisdiction over the subject matter of the Action and over the Settling Parties, including all members of the Settlement Class as defined below. Venue is proper.

**III. NOTICE**

3. On _____ \_\_, 2023, the Court entered an order ("Preliminary Approval Order") preliminarily approving the proposed Settlement Agreement. *See* ECF No. \_\_.

4. On or before _____ \_\_, 2023, the Notice Administrator duly mailed to Class Members the Notice approved in the Preliminary Approval Order. The Notice reasonably informed Class Members of the essential features of this Action, the proposed Settlement, the Final Approval Hearing, and their rights with respect thereto.

5. On or before _____, 2023, the Notice Administrator also arranged for publication of notice of the proposed Settlement Agreement in both local and national publications, providing information about the essential features of this Action, the proposed Settlement, and the Final Approval Hearing.

6. The method of service of class notice to Class Members through publication and by regular mail at last-known addresses, as updated through the National Change of Address database or equivalent system, was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the Action and the proposed settlement to Class Members.

7. The class notice and the manner of its service satisfied the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.

8. Plaintiff and the Notice Administrator have complied with all other requirements of the Preliminary Approval Order.

### IV. CLASS CERTIFICATION

9. The Court finds, solely for purposes of judgment on the proposed Settlement, that the proposed Settlement Class satisfies the requirements of Rule 23 for certification as a Rule 23(b) class. Specifically, the Court finds that:

   a. The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

   b. There are questions of law and fact that are common to the Settlement Class which predominate over any questions affecting only individual members;

   c. The claims of the Plaintiff are typical of the claims of the proposed Settlement Class;

   d. Plaintiff has fairly and adequately protected the interests of the Settlement Class and will continue to do so; and

   e. A class action solely for settlement purposes is superior to other available methods for fairly and efficiently adjudicating this controversy.

10. The Court therefore certifies the following class, for purposes of judgment on the proposed Settlement, pursuant to Fed. R. Civ. P. 23(b)(3):

> Non-owner residents, homeowners, and landowners within the geographical boundaries depicted in Exhibit 3 to the Amended Complaint (*i.e.*, non-owner residents, homeowners, and landowners within the flood plain and subsurface sand and aquifer, between the original sites of contamination and Ashworth's property) and/or other individuals who might assert a claim for personal injury, property damages, economic damages, and/or injunctive relief based on alleged surface runoff or contaminated groundwater alleged to emanate from the American Creosote Superfund Site and/or the International Paper DeRidder Creosote Site. ECF No. 77 ¶ 42–43; ECF No. 67-8.
>
> The Settlement Class does not include (i) federal, state, and/or local government agencies; or (ii) any judge, clerk, or officer of the Court, their spouses, and persons within the third degree of relationship to either of them or the spouses of such persons.

## V. CLASS COUNSEL

11. Having considered each of the factors set forth in Fed. R. Civ. P. 23(g)(1), and as further described below, the Court appoints the following attorneys and their firms as Class Counsel, and finds that they are competent and capable of exercising the responsibilities of Class Counsel: Perry R. Sanders, Jr. (The Sanders Law Firm), David L. Wallace (Attorney at Law), and Andrew K. Glenn (Glenn, Agre, Bergman & Fuentes LLP).

## VI. FAIRNESS OF SETTLEMENT

12. Given the risks, delays, and costs of litigating the case through final judgment and a likely appeal, the amount to be paid in settlement of Settlement Class Members' claims is reasonable and adequate. The terms of the Settlement Agreement and Release are, in all respects, fair, adequate, and reasonable and in the best interests of the Settlement Class.

13. The Settlement was reached through extensive arms-length, adversary bargaining between the parties. There has been no collusion between the parties in reaching the Settlement.

14. The parties reached their proposed settlement after years of litigation. Before entering into the settlement, the parties engaged in sufficient investigation and discovery regarding the Settlement Class's claims so that counsel could act knowledgeably in negotiating the settlement and the Court could appropriately weigh its fairness.

15. Objections, if any, have been duly considered and rejected by the Court. The Court's role is not to determine whether other terms of Settlement might be preferable but whether those which the parties reached are fair and reasonable and in the Class's best interests, and it has so found.

16. At all times, including during litigation of the Action, negotiation of the Settlement Agreement, and presentation of the Settlement to the Court, the Settlement Class has been

adequately represented by Class Counsel who are competent counsel experienced in litigating class actions. Class Counsel have recommended to the Court that the proposed settlement be approved. Class Counsel have exercised skill and experience in representing the Settlement Class and have adequately represented and protected the interests of the Class in the Action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

17. Plaintiff's Motion for Final Approval of the Settlement Agreement is **GRANTED**. The Settlement Agreement is hereby finally approved as being, in all respects, fair, reasonable, adequate and in the best interest of Settlement Class Members.

18. All persons who have not made their objections to the Settlement Agreement in the manner provided in that agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

19. This Final Approval Order, the Settlement Agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission by or against any Settling Party or Released Person of any fault, wrongdoing, or liability on their part or of the existence or amount of any damages.

20. Finding no just reason for delay, the Court will enter final judgment dismissing the claims of all Settlement Class Members against Occidental and Anadarko in this Action with prejudice, binding each Settlement Class Member who did not opt out to the terms of the Settlement Agreement, in particular the Releases in section 12 of that agreement. The Releases in Section 12 of the Settlement Agreement are hereby effective as of the Final Settlement Date.

21. This final judgment will act to permanently bar and enjoin Plaintiff and all Settlement Class Members who have not opted out of the Agreement, from:

    a. filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

    b. organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

22. By operation of the entry of the final judgment, Plaintiff and all Settlement Class Members who have not opted out of the Agreement shall be deemed to have forever released, relinquished, and discharged Occidental, Anadarko, and the Released Persons from any and all Released Claims.

23. Without affecting the finality of the judgment for purposes of appeal, this Court will retain jurisdiction over the implementation of the Settlement Agreement, including relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order of Approval.

DATED this _____ day of _____, 202_.

 

_____
The Honorable Judge James D. Cain, Jr.
United States District Judge