UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROSE EPPERSON** | **CASE NO. 2:20-CV-00053** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INTERNATIONAL PAPER CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

MEMORANDUM RULING

Before the court are Motions to Dismiss [docs. 214, 216] filed, respectively, by defendants International Paper Company ("IP") and BNSF Railway Company ("BNSF"). Both motions are filed under Federal Rule of Civil Procedure 23(d)(1)(D) and seek dismissal of plaintiff's class allegations. Both motions are likewise opposed by plaintiff and putative class representative, Rose Epperson. Doc. 219.

I.
BACKGROUND

This suit arises from alleged ground contamination from two creosoting facilities in Beauregard Parish, Louisiana. Specifically, former plaintiff Larry Ashworth asserted that his property was contaminated by facilities owned, respectively, by Shreveport Creosoting Company and IP, both of which are located about five miles from his property.[1] Doc. 77. The former was classified as a Superfund Site by the EPA in 2018. Doc. 122, att. 2.

---

[1] Ashworth alleged that creosoting operations began at a plant constructed on "Parcel B" by Shreveport Creosoting Company around 1918 and lasted until around 1963, when IP acquired the site. Doc. 77, ¶¶ 5–7. IP then took over Shreveport Creosoting Company's operations and transferred them to "Parcel A," on the north end of IP's property in Beauregard Parish. *Id.* at ¶ 8. Creosoting operations continued at Parcel A until 1989. *Id.* at ¶ 11.

Ashworth also alleged that contamination resulted from the storage and/or transfer of creosoting products from these sites by BNSF. Accordingly, he filed a complaint in this court against BNSF and IP, as well Kerr McGee Chemical Corporation, Kerr McGee Operating Corporation, Anadarko Petroleum Corporation, and Occidental Petroleum Corporation as successors/ancestors in title to Shreveport Creosoting Company and its parent company, American Creosoting Company. Doc. 1, ¶ 9. There he also made class allegations on the theory that his land contamination had resulted from a toxic plume that also impacted surrounding parcels. He defined the proposed class as "at a minimum composed of non-owner residents, home and landowners in the flood plain and subsurface sand and aquifer, between the original sites of contamination and Plaintiff's property." Doc. 1, ¶ 45.

The intervening procedural history can be found in prior orders of this court. *E.g.*, doc. 208. To sum up, Occidental and Anadarko have reached a settlement with plaintiff's counsel. They will pay into the attorney escrow account for class counsel $3.5 million "to be used for hard costs incurred to date associated with the Action, and hard costs going forward, including but not limited to engineers, toxicologist, air and water modelers, doctors, deposition costs, travel, historic document assembly, and other costs traditionally associated with prosecution of an environmental case alleging personal injury and property damage." Doc. 19, att. 2, ¶ 6.1. These funds "shall not be used for attorneys' fees, and no attorney fee shall be taken by Class Counsel."[2] *Id.* Following amendment of the complaint,

---

[2] Occidental and Anadarko will also pay the reasonable costs required to provide notice to the settlement class. *Id.* at ¶ 6.2. In the event settlement funds remain in the attorney escrow account after the suit is resolved, the funds will be distributed to settlement class members "in a manner approved by the Court at a later date." *Id.* at ¶ 6.3.

substitution of Rose Epperson as named plaintiff, and modification of the proposed notice, the court has granted preliminary approval of the settlement under Federal Rule of Civil Procedure 23(e). Notice has been issued and the court will hear plaintiff's motion for final approval on January 7, 2025.

Non-settling defendants BNSF and IP have objected at every stage of the settlement approval process so far. Since the modification of the proposed notice, however, the court has found that they lack standing.[3] *See* doc. 208. BNSF and IP now move to dismiss plaintiff's class allegations under Federal Rule of Civil Procedure 23(d)(1)(D). Plaintiff opposes the motion as premature and barred by the law of the case doctrine. Doc. 219.

## II.
## LAW & APPLICATION

A court may require under Rule 23(d) "that the pleadings be amended to eliminate allegations about representations of absent persons." Fed. R. Civ. P. 23(d)(1)(D). Additionally, "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). This relief is only granted in rare cases, however, and is generally denied as premature when no discovery has yet taken place. *Starling v. J. Wales Home Solutions, LLC*, 2022 WL 1156021, at *2 (N.D. Tex. Apr. 19, 2022) (citing *Delarue v. State Farm Lloyds*, 2010 WL 11530499, at

---

[3] IP also filed a motion for entry of a *Lone Pine* order earlier in the litigation. Doc. 136. "*Lone Pine* orders are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). They are issued based on "the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16." *Id.* After the substitution of plaintiff and amendment of the complaint, the court denied the motion and others "without prejudice to any party's right to renew these motions based on the amended filings." Doc. 196. Since that time neither defendant has renewed the *Lone Pine* motion.

*2 (E.D. Tex. Mar. 10, 2010)) (collecting cases); *see also Casso's Wellness Store & Gym, LLC v. Spectrum Lab. Prods., Inc.*, 2018 WL 1377608, at *6 (E.D. La. Mar. 19, 2018) (denying motion to strike as premature because discovery had not commenced and plaintiff had not yet sought class certification).

      Defendants maintain that the proposed class cannot satisfy Rule 23(b)(3)'s predominance requirement, and that no amount of discovery could cure this deficiency. In addition to Rule 23(a)'s requirements of numerosity, commonality, adequacy of representation, and typicality, a plaintiff is required to demonstrate the predominance of common questions of law or fact and the superiority of a class action "for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To this end the court considers the following: (a) the interests of the members of the class in individually controlling prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) concentrating the litigation of the claims in a particular forum; and (d) the difficulties likely to be encountered in management of a class action. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 419 (5th Cir. 1998).

      Plaintiff argues that the court's finding in preliminary approval that the settlement class satisfied Rule 23(b)(3) is binding on this motion. But as the court noted in that ruling, the trial management concerns that may block certification of a litigation class need not be considered in settlement-only certification. *See* doc. 208, p. 12 (citing *In re Oil Spill by Oil Rig Deep Water Horizon in Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 911 (E.D. La. 2012)). Indeed, the court further noted that certification had repeatedly been

denied to litigation classes for "claims for personal and emotional injuries arising from exposure to toxic chemicals . . . because individualized fact issues concerning specific causation and damages predominate over any common issues." *Id.* (quoting *Myers v. BP Am., Inc.*, 2009 WL 2341983, at *5 (W.D. La. July 29, 2009)); *see also id.* at p. 12, n. 5 (collecting cases).

In demonstrating predominance, however, the plaintiff still faces a lighter burden at the motion to strike stage compared to the certification stage. "The court must determine only whether plaintiffs satisfied their burden to set forth factual allegations to advance a prima facie showing of predominance or that at least it is likely that discovery will reveal evidence so that critical elements of Plaintiffs' claims may be proven on a class-wide basis." *Salyers v. A.J. Blosenski, Inc.*, __ F.Supp.3d ___, 2024 WL 1773368, at *4 (E.D. Penn. Apr. 24, 2024) (quoting *In re Allergan Biocell Textured Breast Implants Prods. Liab. Litig.*, 537 F.Supp.3d 679, 756 (D.N.J. 2021)). Additionally, as the Fifth Circuit has recognized, predominance may be satisfied in a mass tort class despite the need for individualized damages calculations. *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 603 (5th Cir. 2006). Accordingly, the court has affirmed certification of classes in mass accident/tort cases when "the district court was able to rely on a manageable trial plan—including bifurcation and/or subclasses—proposed by counsel." *Id.* (citing *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1017–18, 1024 & n. 9 (5th Cir. 1992)).

The court has multiple options before it. It "retain[s] discretion to . . . rescind, modify, or amend the class definition in light of subsequent developments in the litigation." *Krueger v. Wyeth, Inc.*, 310 F.R.D. 468, 473–74 (S.D. Cal. 2015). Depending on the

number of likely claimants, the type(s) of injury alleged, and the date(s) of exposure, class certification may be feasible here as other courts have done in water contamination suits. *E.g.*, *In re Flint Water Cases*, 499 F.Supp.3d 399 (E.D. Mich. 2021); *Good v. West Virginia-American Water Co.*, 2017 WL 2884535 (S.D.W.V. July 6, 2017). Otherwise, the matter may be certified as to liability only. *Olden v. LeFarge Corp.*, 383 F.3d 495, 509 (6th Cir. 2004) ("As the district court properly noted, it can bifurcate the issue of liability from the issue of damages, and if liability is found, the issue of damages can be decided by a special master or by another method."); *see Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910 (7th Cir. 2003); *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405 (6th Cir. 2018) (certifying classes for liability only in groundwater contamination suits). And, indeed, if the proposed class members are diverse enough as to type of injury claimed and dates of exposure, the matter may fall short of Rule 23's predominance requirement. *Accord Modern Holdings, LLC v. Corning, Inc.*, 2018 WL 1546355 (E.D. Ky. Mar. 29, 2018); *Duffin v. Exelon Corp.*, 2007 WL 845336 (N.D. Ill. Mar. 19, 2007). But the court cannot make any decisions as to the availability or necessity of these options without more discovery into the likely claimants. Such discovery will soon be available, given the progress made on settlement approval. At this stage, however, because of the current state of the record and the options available to the court after further development, it is not "facially apparent from the pleadings that there is **no** ascertainable class[.]" *John*, 501 F.3d at 445 (emphasis added). The motions to dismiss are therefore premature.

## III.
### CONCLUSION

For the reasons stated above, the Motions to Dismiss [docs. 214, 216] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of December, 2024.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**