**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| ROSE L. EPPERSON,<br>Individually<br>and as class representative for all similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>INTERNATIONAL PAPER COMPANY, KERR-MCGEE CHEMICAL CORPORATION, KERR-MCGEE OPERATING CORPORATION, and BNSF RAILWAY COMPANY,<br><br>Defendants. | Civil Action No. 2:20-CV-00053<br><br>Judge James D. Cain, Jr. |

**DECLARATION OF JASON ROTSTEIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION TO QUASH OR LIMIT PLAINTIFF'S RULE 30(B)(6) NOTICE**

I, Jason Rotstein, declare as follows:

1. I am an associate of the firm Glenn Agre Bergman & Fuentes LLP, attorneys for plaintiff Rose L. Epperson. I have personal knowledge of the contents of this declaration.

2. On February 6, 2025, plaintiff propounded its First Set of Document Requests to International Paper Company ("IP"). IP did not substantially complete its production until August 8, 2025 – one business day before filing the instant Motion – after nine staggered productions over a seven-month period. IP's productions still contain glaring holes, including the absence of basic information on IP's chemical use and emissions data for all years of operation of the DeRidder facility. Plaintiff noted these deficiencies to IP on multiple occasions,

at meet and confers, and correspondence, and recently in its August 14, 2025 production deficiency letter.

3. On May 21, 2025, plaintiff served a 30(b)(6) deposition notice on IP, with sixteen deposition topics.

4. The parties met and conferred on the 30(b)(6) notice via videoconference on June 5, 2025, following IP's representation that it would not provide written objections or responses. At the meet and confer, IP again stated that it would not provide objections and responses in writing and prefaced the meeting by stating that it was only providing initial responses to the 30(b)(6) notice and plaintiff could not rely on its representations.

5. At the meet and confer, IP proposed designating Emily W. Lee, IP's remediation manager, as its 30(b)(6) witness. Plaintiff had previously served a deposition notice to Emily W. Lee on May 30, 2025, and proposed Ms. Lee as a collection and production custodian to IP because IP's production originally did not contain a single custodian.

6. IP initially proposed holding the 30(b)(6) deposition on the week of July 21, 2025, in Memphis, Tennessee, but IP had not completed its production and suggested also extending the discovery schedule. The parties subsequently stipulated to extend the discovery schedule, and the extension was ordered on Jul 16, 2025. *See* ECF No. 241. Since July 21, 2025, IP has made multiple document productions.

7. In subsequent correspondence, IP asked for plaintiff's stance on the positions it canvased at the meet and confer. Plaintiff offered no comment on IP's provisional positions, and stated it was IP's right to object at the deposition or move to quash or seek a protective order.

8. A true and correct copy of a draft memorandum from Sherri Harvey and Darrell Adkins, EarthCon Consultants, Inc., to Tom Richardson, International Paper Company, dated

July 11, 2017, [redacted] (IP-EP026711), is attached hereto as Exhibit A.

9. A true and correct copy of a memorandum from WSP USA Inc. on behalf of IP to the Louisiana Department of Environmental Quality ("LDEQ"), dated September 26, 2023, with subject "Site Review International Paper – Former DeRidder Facility" (IP-EP022170), is attached hereto as Exhibit B.

10. A true and correct copy of a memorandum from J. Dale Givens to B. Jim Porter, dated June 15, 1983, with subject "RE: International Paper Co. – DeRidder Treated Wood Products Facility" (IP-Epperson-LDEQ-EPA00028628), is attached hereto as Exhibit C.

11. A true and correct copy of an assessment of penalty order from the State of Louisiana, Office of Environmental Affairs, signed by assistant secretary B. Jim Porter and addressed to Henry Burchfield, International Paper Company, DeRidder, Louisiana, dated June 28, 1983 (IP-Epperson-LDEQ-EPA00028630), is attached hereto as Exhibit D.

12. A true and correct copy of an internal memorandum, [redacted] (IP-EP024863), produced without date information, is attached hereto as Exhibit E.

13. A true and correct copy of an internal memorandum from Tom Richardson to Tom Ross, dated September 2, 2004, [redacted] (IP-EP029864), is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 20th day of August, 2025.

*/s/ Jason Rotstein*
Jason Rotstein