# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

|  |  |
|---|---|
| ROSE L. EPPERSON, <br><br> Individually <br> and as class representative for all similarly situated persons, <br><br>         Plaintiff, <br><br> v. <br><br> INTERNATIONAL PAPER COMPANY, KERR-MCGEE CHEMICAL CORPORATION, KERR-MCGEE OPERATING CORPORATION, and BNSF RAILWAY COMPANY, <br><br>         Defendants. | Civil Action No. 2:20-CV-00053 <br><br> Judge James D. Cain, Jr. |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF EMILY W. LEE

Perry R. Sanders, Jr.
The Sanders Law Firm, LLC
400 Broad Street
Lake Charles, LA 70601
perry@perrysanders.com

Andrew K. Glenn
Trevor J. Welch
Jason Rotstein
Nathan J. Ades
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
aglenn@glennagre.com
twelch@glennagre.com
jrotstein@glennagre.com
nades@glennagre.com

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTS ................................................................................................................. 2

ARGUMENT ............................................................................................................................. 3

   I.   LEGAL STANDARD ..................................................................................................... 3

   II.  PLAINTIFF IS ENTITLED TO DEPOSE LEE IN HER INDIVIDUAL CAPACITY ..... 3

CONCLUSION .......................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                    **Page(s)**

*Arrant v. Standard Crane & Hoist LLC*,
  2023 WL 2775517 (W.D. La. Apr. 4, 2023) ................................................................. 4

*Bonano v. James River Ins. Co.*,
  2020 WL 6157846 (E.D. La. Oct. 21, 2020) ............................................................... 5

*Brazos River Auth. v. GE Ionics, Inc.*,
  469 F.3d 416 (5th Cir. 2006) ...................................................................................... 4

*Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*,
  348 F.R.D. 54 (E.D. La. 2024), *review denied sub nom.*
  *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd*,
  2024 WL 5086077 (E.D. La. Dec. 12, 2024) ............................................................. 4

*Hearne v. Kansas City S. R. Co.*,
  2015 WL 5725863 (W.D. La. Sept. 29, 2015) ........................................................... 5

*Selders v. McDermott Inc.*,
  2022 WL 15085648 (W.D. La. Oct. 25, 2022) ........................................................... 5

*Singh v. Wackenhut Corp.*,
  2012 WL 3061755 (M.D. La. July 26, 2012) ............................................................. 3

*Southwestern Bell Tel. v. UTEX Commc'ns Corp.*,
  2009 WL 8541000 (W.D. Tex. 2009) ........................................................................ 4

## Rules, Regulations & Other Authorities

Fed. R. Civ. P. 26 ............................................................................................................. 4

Fed. R. Civ. P. 30 ...................................................................................................... 1, 3, 4, 5

Fed. R. Civ. P. 37 ...................................................................................................... 1, 3, 5, 6

Plaintiff Rose L. Epperson respectfully submits this memorandum of law in support of her motion for an order pursuant to Federal Rule of Civil Procedure ("Rule") 37 compelling the properly noticed deposition of Emily W. Lee in her individual capacity pursuant to Rule 30, granting costs, and for other and further relief that the Court deems just and proper. For the following reasons, plaintiff's motion should be granted in its entirety.[1]

## PRELIMINARY STATEMENT

Defendant International Paper Company ("IP") is once again attempting to stonewall plaintiff's discovery efforts by objecting to Lee's deposition in her individual capacity. Over four months ago, plaintiff served IP with a notice of deposition for Emily W. Lee, who is currently employed by IP as its remediation manager. Around the same time, plaintiff served IP with a notice of Rule 30(b)(6) deposition. Seeking to kill two birds with one stone, IP designated Lee as its Rule 30(b)(6) witness, but then, improperly objected to Lee's deposition in her individual capacity. IP reasons that Lee's appearance as a corporate representative obviates the need for and precludes her individual deposition.

It is not so. As IP well knows, Lee was a consultant to IP for many years, long before she became IP's current remediation manager. IP's designation of Lee as its Rule 30(b)(6) witness does not foreclose plaintiff's entitlement to her separate individual testimony, and Lee's prior role as a third-party consultant (and her subsequent employment at IP) gives her personal knowledge that is relevant to class-certification discovery. As the Rules and case law make clear, IP has no valid basis to contest Lee's deposition, and Lee's properly noticed deposition should proceed.

---

[1]  Accompanying this Memorandum is the September 19, 2025 declaration of Jason Rotstein ("Rotstein Decl.") with exhibits ("Ex."). Unless otherwise noted, all internal citations are omitted.

## RELEVANT FACTS

On May 30, 2025, plaintiff served a notice of deposition (the "Notice") of Emily Lee in her individual capacity on IP. Ex. 1 (Deposition Notice to Lee). Separately, plaintiff served a notice of 30(b)(6) deposition on IP on May 21, 2025. IP subsequently designated Lee as its corporate representative for the 30(b)(6) deposition.

On June 5, 2025, the parties met and conferred to discuss scheduling depositions. IP demanded that plaintiff withdraw the Notice, contending that Lee's testimony would be duplicative of the Rule 30(b)(6) deposition. In response, plaintiff proposed to combine the depositions over split days to avoid the parties' time and cost. In doing so, plaintiff reminded IP that Lee's personal testimony was distinct and necessary, particularly given her prior work at EarthCon Consultants, Inc. ("EarthCon"), where she was a senior geologist performing environmental testing and analysis for IP on the DeRidder site. IP still refused. Then on August 11, 2025, IP moved to quash the Rule 30(b)(6) deposition. ECF No. 242.

On September 2, 2025, the Court denied in its entirety IP's Motion to Quash plaintiff's 30(b)(6) Notice (ECF No. 254), which was then largely affirmed with minor alteration by Judge Cain. ECF No. 258. Even after the definitive Order making clear the scope of discovery, IP continues to relitigate the issue with groundless objections on the basis of the scope of class certification discovery to routine forms of discovery such as this.

Following the affirmance of the September 2 Order, on September 8, 2025, plaintiff once again reminded IP of Lee's individually notice deposition and requested that she be made available to complete testimony in her individual capacity. Ex. 2 (J. Rotstein Email). On September 9, 2025, IP again refused, stating:

> We do not agree to an individual deposition of Ms. Lee at this stage of the proceedings because we do not believe that an individual deposition fits within the

> Court's Phase I limitation to "matters necessary for Plaintiff to fashion a class and file a motion for class certification." Ms. Lee was not employed by IP during the operation of the DeRidder facility and has no personal knowledge to offer regarding production and operation.

Ex. 3 (J. Metcalf Email).  Plaintiff was therefore compelled to file this motion.

## ARGUMENT

### I.    LEGAL STANDARD

Rule 37 specifies that a party "may move for an order compelling an answer, designation, production, or inspection" in response to a discovery request.  Rule 37(a)(3)(B).  A motion to compel is appropriate when, "a deponent fails to answer a question asked under" the procedural rules governing oral and written depositions.  Rule 37(a)(3)(B)(i).

IP has flatly refused to produce Lee for a deposition in her individual capacity, even though IP has interposed no proper objection and has no valid basis for contesting the deposition of Lee, including about consulting work for IP, prior to becoming an IP employee.  This is precisely the type of obstruction of discovery Rule 37 prohibits.  *See, e.g.*, *Singh v. Wackenhut Corp.*, 2012 WL 3061755, at *2 (M.D. La. July 26, 2012) (ordering plaintiff to appear for deposition under Rule 37(d) when "a party . . . fails, after being served with a proper notice to appear for that person's deposition").

### II.    PLAINTIFF IS ENTITLED TO DEPOSE LEE IN HER INDIVIDUAL CAPACITY

Plaintiff is plainly entitled to depose Lee in her individual capacity under the Rules. Rule 30(a)(1) permits the deposition of "any person, including a party" without leave, while Rule 30(b)(6) governs the deposition of entities through corporate representatives.  *See* Rule 30.  Rule 30(b)(6) expressly states that it "does not preclude a deposition by any other procedure allowed by these rules."  *Id.*  Nothing in the Rules prohibits the same individual from testifying in both roles.  A 30(b)(6) designee "speak[s] on behalf of the corporation," but an individual witness

speaks from her personal knowledge. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Courts in this Circuit consistently enforce this distinction. *See, e.g.*, *Arrant v. Standard Crane & Hoist LLC*, 2023 WL 2775517, at *3 (W.D. La. Apr. 4, 2023) (granting motion to compel individual depositions of witnesses previously deposed as designees for topics outside the scope of 30(b)(6)); *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 77 (E.D. La. 2024), *review denied sub nom. Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd*, 2024 WL 5086077 (E.D. La. Dec. 12, 2024) (denying protective order and compelling testimony, holding that testimony outside the topics of deposition notice constitutes the witness's individual testimony); *Southwestern Bell Tel. v. UTEX Commc'ns Corp.*, 2009 WL 8541000, at *2 (W.D. Tex. 2009) (recognizing no prohibition on deposing a witness in both capacities).

The proper and efficient course is to proceed with the depositions both under Rule 30(b)(6) and in Lee's individual capacity. The law is clear that testimony beyond the scope of Rule 30(b)(6) notice will not bind IP. *See Goodyear*, 348 F.R.D. at 73 (holding that counsel may not instruct the witness to answer on scope grounds and testimony outside the noticed topic will be treated as witness's personal testimony).

Further, Rule 26(b)(1) authorizes discovery that is relevant and proportional to the needs of the case. *Id.* Lee's individual testimony easily satisfies that standard. IP argues that Lee's deposition would be duplicative, and her individual deposition exceeds the scope of class certification discovery. The opposite is true. Lee can provide testimony both concerning her current role as remediation manager at IP and in her previous role as a third-party consultant for IP – both of which speak to issues of "what [IP] emitted from [its] facility when it was in operation," and the "type" and "nature" of emissions. *See* Jan. 7, 2025 Hearing Tr. 25:14-31:6;

*Bonano v. James River Ins. Co.*, 2020 WL 6157846, at \*2 (E.D. La. Oct. 21, 2020) ("At the discovery stage, relevance includes '[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'").

At her individual deposition, plaintiff can inquire into, and Lee can testify to facts that fall outside the scope of the Rule 30(b)(6) deposition of IP. Lee previously worked as an EarthCon consultant to IP, in connection with administrative supervision of the DeRidder site. Later Lee transitioned into senior roles at IP, and she now serves as IP's remediation manager, which includes dealing with regulatory reporting requirements and controls over the DeRidder site. Accordingly, at her individual deposition she may testify in her individual capacity about: (1) the engagement of EarthCon by IP and the scope of that engagement; (2) Lee's work for EarthCon as an IP consultant to regulators; (3) data and historical records provided to Lee as an IP consultant in assessing the site; (4) the objectivity of EarthCon's assessments of the DeRidder site; and/or (5) Lee's subjective beliefs and opinions of her work for IP. Those inquiries cannot be answered in a 30(b)(6) deposition. And because Lee is already being produced for deposition as IP's designee, allowing her to testify in her personal capacity will cause no additional burden on IP.[2]

---

[2] Rule 37 requires the Court to award reasonable expenses, including attorneys' fees, when a motion to compel is granted or when discovery is provided after the motion is filed. *See* Rule 37(a)(5)(A); *Selders v. McDermott Inc.*, 2022 WL 15085648, at \*1 (W.D. La. Oct. 25, 2022) (where motion to compel properly noticed deposition is granted, the court "must" award attorney's fees to the prevailing party under Rule 37); *Hearne v. Kansas City S. R. Co.*, 2015 WL 5725863, at \*2 (W.D. La. Sept. 29, 2015) (finding that fees associated with motion warranted). The Court should thus award plaintiff's costs pursuant to Rule 37.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for an order pursuant to Rule 37 compelling the deposition of Emily W. Lee in her individual capacity, granting costs, and for other and further relief that the Court deems just and proper, should be granted in its entirety.

Dated: September 19, 2025

*/s/ Perry R. Sanders, Jr.*
Perry R. Sanders, Jr.
The Sanders Law Firm, LLC
400 Broad Street
Lake Charles, LA 70601
perry@perrysanders.com
Telephone: 719-630-1556

David L. Wallace
518 North Pine Street, P.O. Box 489
DeRidder, LA 70634
wnblawoffice@bellsouth.net
Telephone: 337-462-0473

Andrew K. Glenn
Trevor J. Welch
Jason Rotstein
Nathan J. Ades
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
aglenn@glennagre.com
twelch@glennagre.com
jrotstein@glennagre.com
nades@glennagre.com
Telephone: 212-970-1600

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2025, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Perry R. Sanders, Jr.
Perry R. Sanders, Jr.
The Sanders Law Firm, LLC
400 Broad Street
Lake Charles, LA 70601
perry@perrysanders.com
Telephone: 719-630-1556

David L. Wallace
518 North Pine Street, P.O. Box 489
DeRidder, LA 70634
wnblawoffice@bellsouth.net
Telephone: 337-462-0473

Andrew K. Glenn
Trevor J. Welch
Jason Rotstein
Nathan J. Ades
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
aglenn@glennagre.com
twelch@glennagre.com
jrotstein@glennagre.com
nades@glennagre.com
Telephone: 212-970-1600

*Attorneys for Plaintiff*

7