# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **LARRY W ASHWORTH** | **CASE NO. 2:20-CV-00053** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INTERNATIONAL PAPER CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Response to First Set of Interrogatories (Rec. Doc. 255), Motion to Compel Deposition (Rec. Doc. 262), Motion to Compel Production of Documents (Rec. Doc. 264), and the Second Joint Motion to Amend/Correct Scheduling Order for Class Certification Hearing (Rec. Doc. 260). Defendants opposed the motions to compel (Rec. Docs. 263, 266, & 267), and Plaintiff replied. (Rec. Doc. 270). Oral argument was on October 21, 2025. Considering the evidence, the law, and the written and oral arguments of the parties, it is ORDERED that Plaintiff's Motions are GRANTED IN PART and DENIED IN PART.

## Facts and Procedural History

This suit arises from alleged groundwater contamination at two creosoting facilities in Beauregard Parish, Louisiana. Specifically, former Plaintiff Ashworth asserted that his property was contaminated by facilities located about five miles

away and owned, respectively, by Shreveport Creosoting Company and International Paper, Co. (Rec. Doc. 77). Former Plaintiff Ashworth filed a complaint in this Court against BNSF Railway, Co. ("BNSF") and International Paper, Co. ("IP"), as well as Kerr McGee Chemical Corporation, Kerr McGee Operating Corporation, Anadarko, and Occidental as successors/ancestors in title to Shreveport Creosoting Company and its parent, American Creosoting Company. (Rec. Doc. 1). Therein, he also made class allegations on the theory that his land contamination had resulted from a toxic plume that impacted surrounding parcels, causing property damage and personal injury. Accordingly, he defined the proposed class as "at a minimum composed of non-owner residents, home and landowners in the flood plain and subsurface sand and aquifer, between the original sites of contamination and Plaintiff's property." (*Id.* at ¶ 45). Following partial settlement, Plaintiff Rose Epperson was substituted as a party on February 21, 2024. (Rec. Doc. 184). Pertinent to the present Motions, a detailed Scheduling Order for Class Certification Hearing was entered on February 5, 2025, following a hearing and amendment. (Rec. Docs. 230, 231, 234, 237, & 241). The scheduling order contemplates two phases of discovery wherein "Phase I discovery shall be limited to matters necessary for Plaintiff to fashion a class and file a motion for class certification." (Rec. Doc. 241). The parties are currently in Phase I of discovery.

2

## Law and Analysis

Pursuant to Fed.R.Civ.P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." A relevant discovery request seeks information that is "either admissible or 'reasonably calculated to lead to the discovery of admissible evidence.'" *McLeod Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990)(citing Fed.R.Civ.P. 26(b)). According to Rule 26(b)(2), the scope of discovery is not without limits, and the Court may protect a party from responding to discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…."

Pursuant to Fed.R.Civ.P. 37(a)(5) regarding motions to compel:

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

3

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

1. **Motion to Compel Response to First Set of Interrogatories (Rec. Doc. 255)**

In her Motion to Compel Response to First Set of Interrogatories, Plaintiff requests "an order compelling Defendant [IP] to provide full and complete responses to Plaintiff's First Set of Interrogatories; for costs; and for other and further relief that the Court deems just and proper." Specifically, on June 20, 2025, Plaintiff served a First Set of Interrogatories on IP containing one interrogatory "requesting that IP identify the names, dates, and roles of particular managers during operations and remediation – the plant manager, lab manager, environmental manager, and

remediation manager – as well as executive-level employees with responsibility and/or oversight of the DeRidder facilities." (Rec. Doc. 255-1, p. 9). Plaintiff alleges IP "completely failed to answer the interrogatory, interposing only boilerplate and conclusory objections, including that the request was outside the scope of class certification discovery…" (*Id.* at p. 10). Since the filing of Plaintiff's Motion, IP withdrew their objections to the interrogatory and supplemented their response (Rec. Doc.263); however, per Plaintiff, their response was deficient. (Rec. Doc. 270). After considering the written and oral argument of the parties, and for the reasons explained on the record,

IT IS ORDERED that Plaintiff's Motion to Compel Response to First Set of Interrogatories (Rec. Doc. 255) is GRANTED IN PART and DENIED IN PART. Within seven (7) days of the date of this order, IP shall fully and completely supplement their response to identify the names, *specific* dates, and roles of particular managers during operations and remediation – the plant manager, lab manager, environmental manager, and remediation manager – as well as executive-level employees with responsibility and/or oversight of the DeRidder facilities for those serving from 2000 forward. The Court finds that requiring such specific responses for those serving prior to 2000 to be overly burdensome. IP shall also supplement their response to identify the individuals who supplied Tracy Dinkins

5

with information to respond to the interrogatory. Lastly, IP shall identify any documents that formed the basis for their response to the interrogatory. The Court DENIES Plaintiff's requests for costs at this time.

### 2. Motion to Compel Deposition (Rec. Doc. 262)

In her Motion to Compel Deposition of Emily W. Lee, Plaintiff requests "an order pursuant to Federal Rule of Civil Procedure ('Rule') 37 compelling the properly noticed deposition of Emily W. Lee in her individual capacity pursuant to Rule 30, granting costs, and for other and further relief that the Court deems just and proper." (Rec. Doc. 262). Plaintiff maintains that "IP's designation of Lee as its Rule 30(b)(6) witness does not foreclose [P]laintiff's entitlement to her separate individual testimony, and Lee's prior role as a third-party consultant (and her subsequent employment at IP) gives her personal knowledge that is relevant to class-certification discovery." (Rec. Doc. 262-6, p. 4). IP objects to an individual deposition of Ms. Lee at this time "(1) because 'an individual deposition [does not fit] within the Court's Phase I limitation to 'matters necessary for Plaintiff to fashion a class and file a motion for class certification''; and (2) because 'Ms. Lee was not employed by IP during the operation of the DeRidder facility and has no personal knowledge to offer regarding production and operation.'" (Rec. Doc. 267, p. 3).

After considering the written and oral argument of the parties, and for the reasons explained on the record,

IT IS ORDERED that Plaintiff's Motion to Compel Deposition (Rec. Doc. 262) is DENIED at this time; however, IP must make Emily Lee available for two (2) days for the 30(b)(6) deposition. Plaintiff is permitted to inquire about the issue of destruction of documents.

### 3. Motion to Compel Production of Documents (Rec. Doc. 264)

In her Motion to Compel Production of Documents, Plaintiff requests "an order pursuant to Federal Rule of Civil Procedure ("Rule") 37 compelling defendant International Paper Company ("IP") to produce full and complete responses to plaintiff's First Set of Document Requests ("Document Requests"), granting costs, and for other and further relief that the Court deems just and proper." (Rec. Doc. 264). Specifically, Plaintiff alleges "IP's production is deficient for at least three reasons: (i) IP did not respond specifically or fully to plaintiff's Document Requests; (ii) IP did not search for and collect documents from all relevant sources; and (iii) IP did not produce documents in proper form, including with native format and metadata." (Rec. Doc. 264-14, p. 6). IP maintains that they produced all documents in their possession as kept in the normal course of business but concedes that the search for all responsive documents is ongoing and will continue supplementing as

7

additional documents are found. (Rec. Doc. 266). After considering the written and oral argument of the parties, and for the reasons explained on the record,

IT IS ORDERED that Plaintiff's Motion to Compel Production of Documents (Rec. Doc. 264) is GRANTED IN PART and DENIED IN PART. Within 21 days of the date of this order, IP shall supplemental their responses to organize and categorize the documents and identify the specific request to which the documents are responsive. IP shall continue to supplement their responses as additional documentation is located. The Court denies Plaintiff's request for broad electronically stored information ("ESI") and costs at this time.

IT IS FURTHER ORDERED that IP's document privilege log be supplemented within seven (7) days to include author recipient information and to explain with specificity why they contend the privilege applies.

**4. Second Joint Motion to Amend/Correct Scheduling Order for Class Certification Hearing (Rec. Doc. 260)**

For the reasons discussed at the October 21, 2025 oral argument, and upon agreement of the parties,

IT IS ORDERED that the Motion to Amend (Rec. Doc. 260) is DENIED as moot. The parties shall resubmit a joint proposed Second Amended Scheduling Order for Class Certification Hearing within seven (7) days.

THUS DONE in Chambers, Lafayette, Louisiana on this 22nd day of October, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE