**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ROSE EPPERSON** | * | **CIVIL CASE NO. 2:20-CV-00053** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES D. CAIN, JR.** |
| | * | |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | * * | **SPECIAL MASTER L. SCOTT COOGLER** |

*********************************************************************************

# ORDER GRANTING LEAVE TO AMEND

On August 27, 2026, Plaintiff filed her Motion for Leave to File Third Amended Complaint (Rec. Doc. 342). On September 9, 2026, Plaintiff filed her Motion for Leave to File Corrected Third Amended Complaint (Rec. Doc. 348), ("Motions to Amend"). The Special Master met with Plaintiff and Defendants, International Paper Company and BNSF Railway Company (together, "Defendants"), on September 17, 2026, to discuss the Motions to Amend and case scheduling and deadlines for Defendants' responsive filings. The Special Master reports that the parties arrived at an agreement and this Court will enter an Order consistent with that agreement.

Therefore, it is **ORDERED** that:

1) **Leave to File Third Amended Complaint.** Plaintiff's Motion for Leave to File Corrected Third Amended Complaint (Rec. Doc. 348) is **GRANTED**, and the Clerk of Court is hereby directed to file into the record the proposed pleading (Rec. Doc. 348-1) attached to Plaintiff's Motion for Leave to File Corrected Third Amended Complaint. Plaintiff's previously-filed Motion for Leave to File Third Amended Complaint (Rec. Doc. 342) is hereby denied as moot.

2) **Prior Judgments.** There were Judgments by the Court (Rec. Docs. 26 and 39), in which it dismissed with prejudice certain claims by Plaintiff against IP and BNSF for strict liability

and continuing trespass and nuisance. The parties dispute the significance and implications of those Judgments for the Third Amended Complaint. Nothing in this Order shall alter or affect the prior Judgments. This Order is not a ruling on whether the dismissed claims may be reasserted, nor shall it preclude either party from asserting any arguments they deem appropriate with respect to the right to plead certain claims or preclude certain claims.

3) **All Defenses and Objections Preserved.** Nothing in this Order shall be construed as a waiver by Defendants of any defense, right, objection, or argument, whether substantive or procedural, arising out of or relating to the Third Amended Complaint or any prior pleading. All defenses and objections available to Defendants under the Federal Rules of Civil Procedure, by statute, or otherwise, including all affirmative defenses, are preserved and may be asserted in Defendants' answer, motion to dismiss, motion to strike class allegations, or any other responsive pleading or filing. This includes, but is not limited to, arguments and defenses relating to prescription; the size, scope, and composition of the putative classes; improper joinder of parties and claims; the relation back of parties and claims pursuant to Fed. R. Civ. P. 15; and/or the viability of any of Plaintiff's causes of action. Plaintiff does not concede the validity of any defense or objection raised by Defendants.

4) **Briefing Schedule.** Defendants' Motions to Dismiss shall be filed on or before October 20, 2026. Defendants' Memoranda in Support of their Motions to Dismiss shall not exceed 50 pages, exclusive of any table of contents or table of authorities and any required certifications or signature blocks. Plaintiff's Memoranda in Opposition shall be due 40 days later, on November 30, 2026, and may include up to 50 pages under the same exclusions. Defendants shall be permitted Reply memoranda to be filed on or before

December 10, 2026, which shall not exceed 25 pages. The parties further consent to this motion being submitted to the Special Master for a Report and Recommendation. The parties shall have 21 days from the entry of the Report and Recommendation to file any objections.

5) **Phase II Scheduling Process.** On or before October 2, 2026, the parties shall exchange their proposed schedule and plan for conducting Phase II discovery as well as conducting the process that will culminate in the Court's consideration of the Motion for Class Certification. Following the exchange of separate schedules and plans, the parties shall confer in an effort to agree on a joint proposed schedule and plan. Should the parties agree on a joint proposed schedule and plan (or any part thereof) then the parties shall submit that joint proposed schedule and plan (or part thereof) to the Special Master on or before October 9, 2026. After receiving the above, the Special Master shall conduct conferences in an effort to reach an agreed-upon detailed scheduling order and plan. If the parties agree to such a scheduling order and plan, then the Special Master shall submit it to this Court for consideration and adoption. If the parties fail to agree, then the Special Master, consistent with this Court's previous direction, shall make an appropriate Report and Recommendation as to that subject.

**THUS DONE AND SIGNED** in Chambers on the 1st day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**